874

## NEWSOM v. BOYD.
### No. 11894.

Court of Civil Appeals of Texas. Galveston.

June 19, 1947.

Dyess & Dyess, of Houston, for appellant.

Blades, Chiles, Moore & Kennerly and A. C. Lesher, Jr., all of Houston, for appellee.

MONTEITH, Chief Justice.

This appeal is from an order overruling a motion to set aside a default judgment and for a new trial rendered by the County Court at Law of Harris County in a suit brought by Dr. A. N. Boyd for the recovery of damages to his automobile alleged to have been sustained as the result of the negligent operation of a truck driven by an employee of appellant, C. D. Newsom.

In his motion to set aside said default judgment counsel for appellant alleged that, on January 20, 1947, appellant had forwarded to his said attorneys the citation that had been served on him in said suit, with the request that they file an answer in his behalf. They alleged that the firm's secretary, whose duty it had been for a number of years to prepare an office file of citations received and to place them on the

calendars of the members of the firm in order that answers might be filed thereto, was in Florida on her vacation and that during her absence from their office a temporary clerk who was serving in her place had, through oversight, failed to notify the members of the firm of the date when the answer should have been filed in said cause and that it was not discovered that the answer had not been filed and that a default judgment had been taken against appellant in said suit until February 19, 1947. Appellant alleged in said motion that he had a meritorious defense to the suit brought by appellee and attached to the motion an answer which he sought to file therein, in which the defense was alleged in detail.

After the trial court had overruled appellant's motion to set aside the default judgment, appellant's counsel ordered a complete transcript of the evidence adduced at the hearing and a transcript of the record. When the statement of facts was completed it was certified by the court reporter as being a full, true and complete statement of the facts adduced on the hearing. It was filed in the trial court within the period prescribed by the Rules of Civil Procedure. The statement of facts was forwarded to and filed by the clerk of the Court of Civil Appeals. After the statement of facts had been filed by the clerk of the Court of Civil Appeals, counsel for appellant learned that while the statement of facts had been filed in the trial court, it had not been approved by the trial judge. The statement of facts was then returned to counsel for appellant and was presented to and approved by the trial court within the time prescribed by law for the preparation of the statement of facts, its certification by the trial court, and its filing in both the trial court and the Court of Civil Appeals.

Appellee has filed in this court motions to strike the statement of facts and to affirm the case on certificate. Both motions were passed by the court to be disposed of with the case.

The grounds urged in the motions were that appellant had failed to give appellee's counsel notice of the preparation of said statement of facts, or a copy thereof, for his approval; that he had failed to file with the clerk a designation of the portions of the evidence desired; that it had not been approved by the trial court, nor had appellee been given notice of its filing in either court in order that he might present his objections to the correctness thereof.

This is an appeal from an order of the trial court dated February 26, 1947, overruling appellant's motion to set aside a default judgment entered on February 11, 1947. The statement of facts was filed in the trial court on April 11, 1947, and in the Court of Civil Appeals on April 15, 1947. It was later approved by the trial judge on April 18, 1947.

Rule 386, Texas Rules of Civil Procedure, provides that appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within 60 days from the final judgment or order overruling motion for new trial. Rule 387 provides that affirmation of the judgment on certificate may be had at any time after the right to file the transcript has expired.

■ While the statement of facts prepared and on file in this appeal was not presented to appellee for examination and approval, it was certified to by the court reporter as being a "full, true and correct question and answer transcript of the proceedings had upon said motion." And while there were irregularities in the method of securing its approval by the trial court, it appears that all the facts necessary for the disposition of the issues on the appeal have been presented to the court, and it having been filed in the trial court and approved by the trial judge and filed in this court within the time provided, all the purposes of Rule 377 have, we think, been met. Sparks v. Chandler, Tex.Civ.App., 201 S.W.2d 252.

It follows from above conclusions that both the motion to strike the transcript and statement of facts must be overruled, and the certificate of affirmance (cause No. 11,-901 on this court's docket) must be dismissed.

Appellee contends that appellant tendered but did not file a meritorious defense to appellee's cause of action with the clerk of the trial court, and that for that reason the court did not have an answer to the suit before it.

This contention cannot, we think, be sustained. The record reflects the fact that the motion to set aside said judgment by default, to which appellant's original answer was attached and made a part thereof, was filed at the term of court at which the judgment was taken and within eight days after the taking of such default judgment.

Rule 24, Texas Rules of Civil Procedure, which has as its source Article 1972, Revised Civil Statutes, which it repealed, provides that: When a petition is filed with the clerk he shall endorse thereon the number of the suit, the day on which it was filed, and sign his name officially thereto.

■ In construing said Article 1972 the courts of this state have uniformly held that a paper is regarded as filed when it has been placed in the custody of the clerk of the court for filing. Beal v. Alexander, 6 Tex. 540; Holman v. Chevaillier, 14 Tex. 337; Turner v. State, 41 Tex. 549, 552; Snider v. Methvin, 60 Tex. 487, 494; Brooks v. Acker, Tex.Civ.App. 60 S.W. 800.

■ The answer of appellant to appellee's cause of action in this case was attached to appellant's motion to set aside the default judgment, and was made a part thereof. The motion with the attached answer was duly placed with the clerk to be filed. The answer set up an alleged meritorious defense to appellee's cause of action, and having been deposited with the clerk by appellant with the request that it be filed, the answer was, to all intents and purposes, filed with the clerk of the court.

In his verified motion to set aside said default judgment appellant alleged that the granting of such motion and the setting aside of the default judgment would not work a hardship or injustice upon the plaintiff, or cause any appreciable delay. Appellant offered to pay any additional costs appellee might be put to by the granting of such motion.

■ In the case of Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 125, the Supreme Court of this state, recognizing the importance of setting up a guiding principle to rule in the decision of this important question of practice, in its opinion held that, where a trial had not been delayed, and there was an affidavit of merits, a default judgment should be set aside and an answer received, upon some showing by way of excuse for the failure to plead in time; that some excuse, but not necessarily a good excuse, was the test prescribed, and that the absence of an intentional failure to answer rather than a real excuse for not answering was the controlling fact.

Continuing, and quoting with approval from the case of Houston & T. C. R. Co. v. Burke, 55 Tex. 323, 40 Am.Rep., 808, the court said:

The trial court overruled a motion to set aside the default judgment, and, in reversing the trial court's judgment, the Supreme Court speaking through Justice Gould, used this language:

"'* * * We think the facts stated so far excused the failure to answer, that, if there was also a showing of a valid and meritorious defense, the court should have allowed the defendant an opportunity to make that defense available. The case made out is one of mistake and accident appealing strongly for relief from the judgment, if it be made to appear that the defendant would otherwise be deprived of a valid and meritorious defense. * * *' * * *

"While trial courts have some measure of discretion in the matter, as, in truth, they have in all cases governed by equitable principles, it is not an unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle. Trial judges desire and are entitled to have a principle or rule to guide them, and we, therefore, reannounce, in slightly changed language the rule established by the above authorities, as follows: *A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident* (emphasis ours); provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an

injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity."

Under the record in this appeal, it is apparent, we think, that appellant's failure to answer was due to an unintentional mistake on the part of the secretary of appellant's counsel, and not to a conscious or intentional indifference on the part of either appellant or his counsel, and that, if the facts alleged in the answer sought to be filed are established, he has a meritorious defense to appellant's cause of action.

█ Applying the rule announced in the case of Craddock v. Sunshine Bus Lines, supra, the order of the trial court overruling appellant's motion to set aside the default judgment, the default judgment is set aside and the cause remanded to the trial court for another trial.

Reversed and remanded.