### SMITH v. HILLSBORO STATE BANK.

### No. 12489.

Court of Civil Appeals of Texas. Galveston.

Dec. 18, 1952.

Rehearing Denied Jan. 15, 1953.

Berry, Richards & Baker and T. E. Richards, Jr., of Houston, for appellant.

J. L. Rothchild, of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Hillsboro State Bank, for recovery from appellant of funds which appellee alleged had been erroneously credited to appellant in appellee's bank.

Appellant, in his answer, denied appellee's claim and plead the two year statute of limitations.

This suit was filed on August 14, 1951, in the District Court of Hill County and was transferred to the County Court at Law of Harris County on appellant's plea of privilege. The case was set for trial on April 28, 1952, but was not called when the trial court had sounded his docket the preceding Friday. The trial court set another case for trial in his court on April 28th. After appellant's counsel had announced he was engaged in the trial of another case, he was informed that the trial court had called this case for trial and had proceeded with the taking of testimony. He promptly sent word to the court that he was engaged in the trial of another case in the County Court at Law No. 3, and that he was a witness in the case and had already been sworn in. He stated to the court that he thought the trial he was engaged in would be short, and that as soon as he had finished such trial, he was ready, and would try the Smith case.

On the following day, while appellant's counsel was still engaged in the trial of the case in Judge Peden's court, the trial court proceeded with the trial in this case, and judgment was thereupon rendered against appellant.

Under his points of error, appellant contends that the court committed prejudicial and reversible error in proceeding to trial in this case in the absence of appellant and his counsel, and that appellant was unjustly denied a participation in such trial through the unavoidable absence of his attorney, which deprived him of his right to interpose a meritorious defense to appellee's cause of action. He contends that the court committed prejudicial and reversible error in proceeding to trial in this cause while appellant's attorney was in the actual trial of another case in which he was an important witness, and could not have participated in the trial of this case on the date it was tried, and that appellant was unjustly deprived of the right to interpose a meritorious defense which he had to appellee's cause of action. Appellant further contends that the action of the trial court unjustly deprived him of the right to be represented by counsel of his own selection, who was familiar with this cause, and that the failure of his counsel to be present at the trial was not due to his fault or to the fault of his counsel, and that he was deprived of the opportunity of presenting the meritorious defense which he had to appellee's claims.

Appellee brought this suit, claiming that appellant had withdrawn $208.33 from the bank, which belonged to a third person. Appellant denied appellee's allegations, and specially plead the two year statute of limitations. The suit was filed on August 14, 1951, two years after the alleged withdrawal.

The judges of the District and County Courts at Law in Harris County have adopted the procedure of calling their dockets on Friday for announcements of ready for the next succeeding week.

Appellant's counsel had other cases in the District and County Courts set for trial on April 28, 1952. Appellant's counsel, or a member of his firm, had made his appearance in three courts for the purpose of an-

nouncing ready, subject to the conflict which might arise as a result of his having more than one case set for that particular date. The case at Bar was not called when the judge of the County Court at Law No. 2 called his regular docket for April 28. When the court called his docket on Friday, before April 28, he assigned another jury case to his court for trial, beginning at 10:30 a. m. on April 28, and both sides had announced ready for trial.

■ In the case of Maeding v. Maeding, Tex.Civ.App., 155 S.W.2d 991, in which the facts are similar in many respects to the facts in the instant case, it was held by this Court that where an application for a new trial was based on the ground that appellant was not represented by counsel at the trial, it was necessary for appellant to show that his failure to be represented in the trial court was not due to his fault or negligence and that appellant had a meritorious defense to appellee's cause of action. The Court held that it is the general rule in this State that a defendant who had had his case tried without being present is not required to try the case on motion for a new trial to determine whether he has a meritorious defense, but that he is only required to show a state of facts from which it may be determined that he was deprived of the opportunity of making a defense that he was entitled to make and that injustice had resulted to him by reason of the fact that the case had proceeded without the presentation of such defense. (Citing authorities.)

In the case of Newsom v. Boyd, 203 S. W.2d 874, this Court held that a default judgment should be set aside and a new trial ordered in any case in which failure to answer before judgment was not intentional or a result of conscious indifference of defendant but was due to mistake or accident, provided motion for new trial sets up a meritorious defense and was filed at a time where the granting thereof will occasion no delay or otherwise work an injustice to plaintiff.

In the case of Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, the Supreme Court of this State, recognizing the importance of setting up a guiding principle

to rule in the decision of this important question of practice, in its opinion, held that where a trial has not been delayed and there was an affidavit of merit, a default judgment should be set aside and an answer received.

In the case of Yellow Transit Co. v. Klaff, 145 S.W.2d 264, this Court held that proof showed an excuse for movant's lack of representation by counsel at the trial which was due to no negligence of movant, or his attorney, within requirements of the rule for granting new trial, since the attorney had a right under the circumstances to assume the requested postponement of trial had been granted.

In 31 Tex.Jur., page 76, Sec. 67, it is said that, "The right of a litigant to be represented by counsel of his own selection, familiar with his cause, is a valuable right, an unwarranted denial of which constitutes grounds for a new trial. To be entitled to relief, the applicant must show that his failure to be represented at the trial was not due to fault or negligence, that he has a meritorious case, and that the failure to request a continuance of the trial is excusable."

In the case of Cragin v. Henderson County Oil Development Company, 280 S.W. 554, 555, the Commission of Appeals, in reversing the judgments of the trial court and the Court of Civil Appeals, 270 S.W. 202, said, "We think the true rule in such cases is this: An applicant for a new trial who has shown himself free from negligence in the matter of default against him is required to set forth a meritorious defense, one which if established upon another trial will produce a different result. But when he has thus set forth such meritorious defense, supported by such affidavits or other evidence as prima facie to entitle him to a new trial, such new trial should not be denied upon any consideration of counter affidavits or contradictory testimony offered in resistance to such motion." Continuing, the Court said, "The only purpose and intent of the requirement that a meritorious defense be shown is that a prima facie defense be stated which, if established on another trial in the usual course of proceeding, would result in a different decision."

In the case of Hovey v. Halsell-Arledge Cattle Company, Tex.Civ.App., 176 S.W. 897, 900, it was held that the facts brought out were sufficient to excuse the absence of counsel, and the court in its opinion stated that, "The right of a party to a reasonable opportunity to appear in court upon the trial of a case and present his side of the controversy is fundamental."

Under the record in this appeal, it is, we think, apparent that appellant's failure to be present at the trial of the case was not due to a conscious or intentional indifference on the part of appellant's counsel, and that if the facts presented in appellant's brief are established, he has a meritorious defense to appellee's cause of action.

Applying the provisions announced by the Supreme Court of this State in the case of Craddock v. Sunshine Bus Lines, supra, the order of the trial court overruling appellant's motion to set aside the default judgment is vacated, the default judgment is set aside and the cause remanded to the trial court for another trial.

Reversed and remanded.

CODY, J., not sitting.