**B. W. ILEY D/B/A Iley Poultry Plant,**

v.

**Reese Britton REYNOLDS.**

**No. 6203.**

Court of Civil Appeals of Texas.

Beaumont.

Oct. 30, 1958.

Rehearing Denied Dec. 31, 1958.

Ramey, Calhoun, Brelsford, Hull & Flock, Tyler, for appellant.

McDaniel, Hunt & Fairchild, Center, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment in the district court of Shelby County in the sum of $10,000 in favor of the appellee against the appellant. It was a default judgment since the appellant, although duly served with citation, failed to file an answer. One week after the judgment by default was entered the appellant filed his motion to set aside the default judgment and grant him a new trial. A motion for new trial and a hearing was had on such motion. After hearing all the evidence, the trial court overruled his motion to set aside the judgment by default and grant a new trial, and the appellant has duly perfected his appeal from such judgment.

Appellee filed his suit against the appellant, alleging that he had suffered serious bodily injuries while working for the appellant as an employee in his poultry plant. He alleged that the appellant did not carry Workmen's Compensation insurance on employees at the poultry plant. On the hearing on the motion to set aside the judgment the facts were developed that after the appellee was injured he attempted to collect Workmen's Compensation insurance, but when he filed or attempted to file his claim he was notified by the Industrial Accident Board that it had no record of compensation insurance coverage of the appellant's plant at Center, Texas, in Shelby County. Thereafter, the appellee filed his suit as a common law action for damages. The appellant was duly served with citation at his home in Gonzales, which is about 300 miles from Center, the county seat of Shelby County. He then took the citation and papers in the suit to the office of the insurance agent who wrote the Workmen's Compensation insurance policy for him. Mr. Springer, the agent, was not a lawyer, had no experience

in claims matters and he examined the papers and returned them to the appellant's office with instruction that since the insurance company was not a party to the suit, and since the petition alleged that there was no Workmen's Compensation insurance on the poultry plant at Center, the appellant should see a lawyer in Center about the matter. About one week elapsed from the time the appellant gave the papers to Mr. Springer, the insurance agent, until the appellant returned to his office in Gonzales. Then between the 7th and 10th days of September, 1957, the appellant contracted influenza. The citation was served on him on August 26th. During this time he did not transact any business of any importance. The default judgment was entered September 27, 1957. On that day the appellant drove to Center to inquire about the lawsuit and while there called upon the County Attorney of Shelby County, Mr. McDaniel, who is counsel for appellee in this suit. Mr. McDaniel advised him that he represented the other party in the case and could not assist Mr. Iley in this matter. No mention was made of the default judgment taken earlier that same day. The appellant then went to see a Mr. Bell, an insurance adjuster, for the Indemnity Insurance Company of North America in Center. Mr. Bell stated to him that he had no record of the claim, and that the appellant should return the suit papers to the agent in Gonzales County. He thereupon drove back to Gonzales. The next morning, September 28th, the appellant returned the papers to Mr. Springer, the local agent, who said he forwarded them to the company. On September 30th he did mail the papers to the San Antonio Claim office of the compensation carrier, The Indemnity Insurance Company of North America. On the following Friday, October 4th, the motion for new trial to set aside the default judgment was duly filed and the amended motion was filed October 17th. The motion alleged in substance that the failure of appellant to answer before judgment was not intentional or the result of a conscious indifference on his part, but was due to mistake or accident which is shown in his affidavit which was attached and made a part of motion designated as defendant's Exhibit A. He further alleged that he, at the time of the alleged accident complained of, had a valid and effective policy of Workmen's Compensation insurance by Indemnity Insurance Company of North America, and that under the laws of the State of Texas an accidental injury alleged to have been sustained in the course of his employment with B. W. Iley was covered by said policy' of Workmen's Compensation insurance; that B. W. Iley was mistakenly made a party defendant in the cause; as a result of the mistake after the defendant, the appellant here, had delivered the citation and petition to his insurance representative it was returned to his office with instruction that it was not a proper matter for the insurance company, and that he should have his personal attorney attend to such matter. He alleged he became ill and was unable to transact any business until some time during the week of September 23rd; he alleged his trip to Center and his call upon the attorney who was and is attorney for the appellee in this case. He further alleged that he has a meritorious defense to the cause in that he had a valid and effective policy of Workmen's Compensation insurance at the time of the alleged accident. In addition he alleged that the appellee was not injured as a result of negligence upon appellant's part and that in fact he had received no accidental injury while employed by the appellant, but that in truth and in fact the appellee voluntarily resigned from his job because he did not like the work. He further alleged that he was filing this motion only a few days after the default judgment was entered, and that granting the motion would not occasion a delay or otherwise work an injury to the appellee and alleged that he was ready and willing to have an immediate hearing on the motion or at a time convenient to the court and counsel. The affidavit of the appellant was attached, which stated in detail the fact of his ownership of the Iley Poultry Plant, the service upon him of the citation and petition in this lawsuit. He stated that he

did have compensation insurance on the several plants which he owned and operated; he stated in detail facts about his receiving the citation and his visits to the insurance agent and to the attorney for the appellee and his final return to the agent for the compensation carrier. He stated that he did not learn until October 3rd, the day before his motion was filed, before his affidavit was made, that default judgment had been taken against him in the lawsuit. Attached to the amended motion was the affidavit of a Mrs. Hardy, who testified that she worked at the Iley Poultry Plant in Shelby County and worked as a shipping clerk and supervisor of the packing department. The affidavit contained the further statement that she had known Reynolds many years, that he came by the plant and was hired and worked several days in carrying boxes of chickens weighing 40 to 60 pounds, and she says he was working on February 18th, the date he alleged he was hurt, and was working under her supervision within a few feet of her at the time he was employed and that she did not see him get hurt and that he did not complain of any injury on that day or any other day; that it was never necessary and never requested that he be sent to the hospital or receive any medical attention while employed at the poultry plant. He continued to work until February 25th, when, because of the messy and wet conditions, she shifted Mr. Reynolds to a job of scooping ice with a shovel. The same day he told her he had another job and that he did not have to work in that water. He quit that day.

The appellee filed an answer to the motion for new trial and alleged that the failure of the appellant to answer was intentional and the result of conscious indifference on his part, and was not due to a mistake or accident of such a nature as would entitle him to a new trial. The appellee also denied that the appellant had a valid and effective policy of Workmen's Compensation insurance which covered the appellee at the time and place of his injury. He said further that neither the insurance company nor the appellant had notified the Industrial Accident Board of the State of Texas of any such insurance prior to the appellee's injury, and he further says that he had no notice of any such insurance prior to his injury; and that he has never waived his rights to sue B. W. Iley at common law. He says that he had neither actual nor constructive notice of any insurance. The appellee further alleged that the appellant's amended motion for new trial showed on its face that both the appellant and its purported insurer were guilty of conscious indifference in failing to answer prior to the rendition of default judgment. He says that their failure to answer was not the result of misplacing the citation, or being water bound or anything accidental of that nature. He says that the insurance company's agent affirmatively determined not to answer to such suit and that the answer further showed that the sole reason that the appellant failed to answer in his behalf was that he was attempting to obtain free legal advice from appellee's counsel, who was also county attorney of the county, and that he made no effort to contact any attorney to represent him in this case until after the entry of judgment. He further alleged that the appellant is not an ignorant, uneducated person but is a very successful business man and operates various businesses in different cities over Texas and who could read the citation and understand the plain import of the language.

On the hearing on the motion for new trial the facts were developed without serious dispute. The evidence appears to establish the appellant's version of what has happened and the appellee has made no effort to controvert any of such evidence. It seems to be established that the appellant did have Workmen's Compensation insurance on employees of his plant at Center. He had issued to him a blanket policy of insurance at several different plants and had filed a notice with the Industrial Accident Board when the insurance was first written several years prior to the institution of the lawsuit now before us. The In-

dustrial Accident Board was mistaken when it notified appellee's counsel that appellant did not have Workmen's Compensation insurance, or some mistake was made somewhere in the office of the Industrial Accident Board, since notices of such insurance were given at the time the insurance was originally written. This is a matter to be determined on a trial on the merits, not on this appeal.

■■ The question before us then seems to be purely whether, under the facts and circumstances shown without dispute, the trial court erred in overruling the motion to set aside the default judgment and grant a new trial. Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126 is the basic authority on this question. There the court said, "A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff." Later cases following this rule are the City of San Antonio v. Garcia, Tex. Civ.App., 243 S.W.2d 252; Newsom v. Boyd, Tex.Civ.App., 203 S.W.2d 874; Flusche v. Uselton, Tex.Civ.App., 201 S.W. 2d 58; Brown v. Wortman, Tex.Civ.App., 208 S.W.2d 624; Hubbard v. Fidelity & Casualty Co. of New York, Tex.Civ.App., 285 S.W.2d 890. Fowler v. Fowler, Tex. Civ.App., 187 S.W.2d 713 is another case which goes even further and held that the refusal of a new trial by the trial court was an abuse of discretion even though all the requirements stated in Craddock v. Sunshine Bus Lines, supra, were not shown to have been satisfied. In McDonald's Civil Practice, Vol. 4, p. 1449, it is said: "Broad generalizations are found in earlier cases indicating that appellate courts should intervene only where there has been a clear abuse of discretion in refusing the motion, but recent opinions indicate that the discretion should be exercised somewhat liberally in the light of the guiding principle that new trials should be allowed freely when certain basic requirements are met." The writer of the text was discussing motions to set aside judgment by default. The writer also says on the following page that each of such cases therefore depends to a large measure upon its peculiar facts and an extensive review of particular situations would hardly be profitable. The precedents establish, however, that the tendency seems to be when the requirements stated are met, to grant a new trial liberally upon a showing that defendant has not intentionally or with conscious indifference ignored his obligation to answer or to appear at the trial.

■ Considering the facts and the rules applicable thereto, we think it plain here that the appellant certainly had no conscious indifference to a judgment being rendered against him in this lawsuit; that he was making some effort, ill advised and inept as it was, to have somebody file an answer for him in the lawsuit in his journeys back and forth from Center to Gonzales in consulting with insurance agents and the attorney for the adverse party. It seems equally true that his failure to answer was due to a tragic and semi-comic mistake. It seems to be well established that he did have Workmen's Compensation insurance and that he knew that he had such insurance, and he was partially, at least, justified in believing that someone else should answer the citation and defend the suit against him. His actions in going from one person to another, we think, give ample support for and compel a holding that he was mistaken in his belief that it was someone else's duty rather than his to defend the suit. It certainly was a mistake to think someone else would do it without his employing them or giving his insurance carrier authority to do so. His insurance carrier was partly to blame, although his local

agent certainly made a mistake in informing him that he would have to handle the matter himself. It follows, of course, without any argument that since the appellant did have Workmen's Compensation insurance the appellee had no suit against him in a common law damage suit action under the circumstances that the facts show here. In such case, of course, the appellant showed a meritorious and almost an airtight defense against the lawsuit of the appellee. We do not believe that it is of any importance on this appeal whether appellee had adequate notice of appellant's coverage by Workmen's Compensation insurance. Appellee pleaded that appellant was not covered by such insurance, as a basis for his common law damage suit. The facts here indicate that this was not a fact. That is the main fact with which we are here concerned.

The case of American Mutual Liability Insurance Co. v. Morgan, Tex.Civ.App., 146 S.W.2d 329, is a reminder to the writer of the liberality of the rule requiring that default judgments will be set aside upon a showing of absence of conscious indifference or negligence. The writer was the district judge in that case who denied the motion for new trial. At that time he agreed with the statement of counsel for appellee on submission of the instant case that if default judgments will be set aside on such a flimsy showing as that, "there is no use in taking a default judgment unless the defendant wants one to do so." Time, however, has opened our eyes to the equity of the rule as it is applied, and we now agree that it is a just rule, which prevents an injustice to the defendant without working an injustice to the plaintiff.

We are satisfied that the default judgment should have been set aside and a new trial granted to the appellant on the showing made on the hearing on the motion. The judgment of the trial court is set aside and reversed, and the cause is remanded for a new trial.