**Edgar L. REYNOLDS et ux., Appellants,**

v.

**Francis S. LOONEY, Appellee.**

**No. 3957.**

Court of Civil Appeals of Texas.

Eastland.

March 19, 1965.

Rehearing Denied April 16, 1965.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellants.

Lumpkin, Watson, Dunlap & Smith, Amarillo, for appellee.

GRISSOM, Chief Justice.

Francis S. Looney sued Edgar L. Reynolds and wife for damages alleged to have been caused by Mrs. Reynolds driving her automobile into the rear end of plaintiff's automobile and injuring plaintiff's wife and damaging his automobile. The collision occurred on June 18, 1964. The suit was filed on July 13, 1964. Citation was served on the Reynolds on July 15th. The Reynolds were required to answer on August 10, 1964 at 10:00 a. m. Citations were promptly delivered by the Reynolds to an independent insurance adjuster in Amarillo who made some investigation of the accident and then mailed them to the Reynolds' insurer in Dallas, who was required to defend the suit. The citations reached the insurance company's office on July 27th. On August 10th Mrs. Reynolds called said Amarillo insurance adjuster and told him that Looney's attorney had asked her if she had been served with citation. The Amarillo adjuster immediately called the insurer in Dallas and was advised to take his file to the company's attorney in Amarillo, which he speedily did. On August 10th at about 2:40 p. m., no answer being filed, Looney took a default judgment against the Reynolds. Within a few minutes thereafter the attorney for the Reynolds' insurer, having been contacted by the Amarillo insurance adjuster, called the Clerk of the District Court and inquired whether a default judgment had been taken. He was advised that the file was out of the clerk's office. He went immediately to the District Judge and learned that a default judgment had just been taken and was advised that he would have to file a motion to set it aside. The insurance company's attorney filed for the Reynolds an answer and a motion for a new trial before 5:00 o'clock on the same afternoon that (at 2:40 p. m.) the default judgment had been taken. The Reynolds offered to promptly go to trial before a jury and to pay the expenses incurred in taking the judgment.

The evidence with reference to the reason for failure to timely answer shows that after the citations were received in the insurance company's office in Dallas they were accidentally mislaid and did not come to the attention of the person who, under their well organized system of procedure, would ordinarily have promptly received it, selected an attorney and delivered the citations to him so that an answer would have been timely filed. Although the system was that usually employed in insurance offices for the purpose of seeing that such business was promptly attended to, there being an unusual rush of business and the matter occurring at a time when some experienced employees were on vacation, for some unknown reason a good system failed to work and an attorney was not timely instructed to answer. The letter containing the citations was not located until the afternoon of August 10th, when it was found on a clerk's desk, mixed with unimportant mail and unopened.

The Reynolds asked the court reporter for a question and answer statement of facts. They learned that no court reporter recorded the evidence introduced on the default judgment inquiry. They did not have any kind of a statement of facts until after the hearing of the Reynolds' motion to set aside the default judgment and grant them a new trial when the trial Judge filed his statement of facts. Until after said hearing on August 20, 1964, the Reynolds did not know what evidence had been introduced when the default judgment was rendered. The Reynolds alleged and proved facts showing the absence of an intentional failure to timely answer. The fact situation is not materially different from that in Craddock v. Sunshine Bus Lines (Sup.Ct.), 133 S.W.2d 124, wherein it was held that absence of an intentional failure to timely answer was established and judgment refusing to set aside the default judgment was reversed and judgment was rendered setting it aside and granting a new trial. In the answer filed by the Reynolds on August 10th they al-

leged that plaintiff's injuries were caused by the negligence of the plaintiff and, alternatively, was the result of an unavoidable accident. In their amended motion for a new trial, in addition to excusing the failure to timely answer, the Reynolds alleged that setting aside the default judgment and granting their motion for a new trial would not prejudice the plaintiff. They agreed to pay the expenses incurred in taking the default judgment, agreed to promptly try the case before a jury and alleged a meritorious defense. They further alleged that the amount of the judgment was contrary to the weight of the credible evidence and based upon hearsay.

Upon the trial Mrs. Reynolds offered to testify, and she did testify for the purpose of making a bill of exception, to a state of facts which if established in a trial on the merits would show the contributory negligence of the plaintiff or an unavoidable accident. Appellee argues that the judgment could not be set aside because appellants did not allege "facts" showing they had a meritorious defense. Appellants did allege contributory negligence and unavoidable accident. In the absence of exception the pleadings were sufficient to support the evidence offered in support thereof.

The court erred in refusing to set aside the default judgment and grant a new trial. As stated, the excuse for failure to answer was not materially different from that sustained in Craddock v. Sunshine Bus Lines, supra. Our Supreme Court there reiterated the very liberal rule announced in Dowell v. Winters, 20 Tex. 793, 794 that, although the excuse offered for failure to answer was slight, nevertheless, there was some excuse and the default judgment should be set aside because it was clearly not the intention of the attorney who failed to answer to suffer judgment by default. We think the following authorities require our conclusion. Hanks v. Rosser (Sup.Ct.), 378 S.W.2d 31; City of San Antonio v. Garcia, Tex.Civ.App., 243 S.W.2d 252 (W.R.); Iley v. Reynolds, 319 S.W.2d 194, 196 (Ref. N.R.E.); Cragin v. Henderson County Oil Development Company (Com.), 280 S.W. 554, 555 and 33 Tex.Jur.2d 700.

In any event, the judgment for medical expenses and damages to the automobile were not supported by any competent evidence and to that extent the judgment must be reversed.

The judgment is reversed and the cause is remanded with instructions to set aside the default judgment and grant a new trial. The costs of the trial court to date are assessed against the appellants. The costs of appeal are assessed against appellee.