Lawrence BLACK, Appellant,

v.

George L. JOHNSON, Sr., et al., Appellees.

No. 5764.

Court of Civil Appeals of Texas.

El Paso.

May 25, 1966.

Rehearing Denied June 15, 1966.

Lee Arnett, San Angelo, Murray Howze, Monahans, for appellant.

Ken Griffin, Odessa, for appellees.

OPINION

PRESLAR, Justice.

This was a suit for breach of an implied covenant against encumbrances on real property brought by appellees, as plaintiffs, against defendant-appellant, in which judgment was entered against defendant on his failure to appear on the date of trial. Motion for new trial was duly filed, presented and overruled, and defendant appeals.

We hold that the motion for new trial should have been granted.

Basis of plaintiffs' suit is for recovery of taxes paid by them on property acquired by warranty deed from defendant. It was alleged that the taxes being due and unpaid at the time of the transaction amounted to an encumbrance in violation of the warranty.

Plaintiffs filed their original petition on September 2nd, and defendant, through his attorney, John Howze, filed timely answer. Plaintiff, on October 16th, with notice to defendant's attorney, requested a

setting of the case on the non-jury docket for November 4th. On October 21st plaintiffs filed their first amended original petition, furnished defendant's attorney a copy, and had citation issued for service on the defendant. Service was had on the defendant on this amended petition on October 24th, and being in regular form, it commanded the defendant to appear by filing a written answer to the plaintiffs' first amended original petition at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service, which would have been November 16th. Meanwhile, back at the courthouse, the court continued the November 4th setting to November 6th, and on that date attorney Howze appeared and orally requested continuance until November 9th, which was granted. On November 9th attorney Howze failed to appear and the case proceeded to trial and judgment was granted. Through his present attorney, defendant filed his motion for new trial on November 19th and alleged, among other things, that he had used due diligence to prevent entry of the default judgment and that he had a meritorious defense to the cause of action. An amended answer was filed, prior to the hearing on the motion for new trial, in which defenses were pleaded in detail.

On the hearing on the motion for new trial the defendant testified that he had not seen attorney Howze since he first employed him. He also testified that he had no knowledge of the setting of his case for trial, and no knowledge of the judgment being taken against him until he went to a bank in Monahans and found that a writ of garnishment had been issued. It was the defendant's testimony that he had in the past been involved in law suits, employed other attorney, had always been advised by them when his case was set for trial, and that he thought Mr. Howze would so notify him. He stated that after the second set of papers were served on him in this suit, he attempted, unsuccessfully, to contact Mr. Howze, and then employed his present counsel, Mr. Arnett. This was done a day or two before the first Monday after twenty days after service of the amended petition. The attorney for the plaintiffs offered testimony as to having given notice of the November 4th setting to Mr. Howze, agreeing with him that it could be passed until the 6th of November, and how on that date Mr. Howze appeared in court and requested the continuance to November 9th, stating that he had been unable to contact his client and that he needed to amend his pleading.

Thus we have a party and his attorney failing to appear for trial. The attorney had knowledge of the setting and that knowledge was imputed to the client; but the client had been formally served with written notice to appear at a later date. Judgment was granted on November 9th, while the appearance day under the service of the amended pleading was November 16th.

Under such circumstances we think the court erred in not granting a new trial under the rules set out by our Supreme Court in the case of Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, at 126:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity."

While the failure of the attorney to appear is unexcused in the record before us, the facts establish an excuse for the failure of the party himself to appear. True, knowledge of the attorney is imputed

to the party defendant, but contrasted with this "imputed knowledge" was an order issued to this defendant under the seal of the court, served by the sheriff, and commanding him to appear at a different date from that imputed. This was not the usual situation where one who has answered is thereafter charged with knowledge of subsequent proceedings in the case, for here the attorney was not the defendant's only link with the court; through the citation he received a direct communication from the court. We do not think his actions show a conscious indifference on his part, nor an intentional failure to appear. Apparently he was misled by the citation as to the time he was to appear, for he attempted to contact his attorney prior to appearance day and, failing in that, he employed another. We cannot escape the fact that the plaintiffs caused this second citation to be served on the defendant, so that they must share the responsibility for any resulting confusion. Certainly they should not profit from it if, in fact, it caused the defendant not to have his day in court. It is to be noted that the suit was instituted on September 2nd, amended petition filed October 21st, and judgment granted November 9th. Motion for new trial was filed November 19th, and the record does not reflect that a granting of it would have caused great delay or would have worked any hardship on the plaintiffs. True, a new trial defeats, to some extent, the objective of a speedy termination of litigation, but speed must yield when it conflicts with substantive rights. Our Rules of Civil Procedure provide that their purpose is to obtain "a just, fair, equitable and impartial adjudication of the rights of litigants * * * with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable * * *." Rule 1, Texas Rules of Civil Procedure. The defendant offered testimony at the hearing on the motion for new trial, and from that we are of the opinion that he met the test required of one seeking a new trial so far as the issue of meritorious defense is concerned. In their briefs before this court the parties appear to treat the matter of a meritorious defense in the same manner as would be necessary to establish it in a regular trial or in a bill of review. This was not a bill of review, nor a motion to set aside a judgment within the thirty-day period when the court retains control of its judgment. It was a motion for new trial brought within the ten-day time prescribed by Rule 329-b, T.R.C.P. Under such situation the defendant was required only to show state of facts from which it may be determined that he was deprived of making a defense that he was entitled to make and would have made, and that injustice had resulted to him by reason of fact that case had proceeded without presentation of that defense. Maeding v. Maeding, Tex.Civ.App., 155 S.W.2d 991; Smith v. Hillsboro State Bank, Tex.Civ.App., 253 S.W.2d 897.

In addition to Craddock v. Sunshine Bus Lines supra, we think the following cases require the conclusion which we have reached: Hanks v. Rosser (S.Ct.), 378 S.W.2d 31; City of San Antonio v. Garcia, Tex.Civ.App., 243 S.W.2d 252 (wr.ref.); Iley v. Reynolds, Tex.Civ.App., 319 S.W.2d 194 (ref., n. r e.); Cragin v. Henderson County Oil Development Co. (Com. B), Com.App., 280 S.W. 554; Reynolds v. Looney, Tex.Civ.App., 389 S.W.2d 100 (ref., n. r. e.).

Under this disposition of the case we are sustaining appellant's combined Points of Error Six through Eight, and do not pass on the other points raised.

The judgment is reversed and the cause is remanded with instructions to set aside the default judgment and grant a new trial. The costs of the trial court to date are assessed against the appellant. The costs of appeal are assessed against appellees.