**L. P. LEIBOWITZ, Appellant,**

v.

**SAN JUAN STATE BANK, Appellee.**

**No. 251.**

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 30, 1966.

L. P. Leibowitz, pro se.

Morgan K. Talbot (of Ewers, Toothaker, Ewers, Byfield & Abbott), McAllen, for appellee.

## OPINION

GREEN, Chief Justice.

This appeal is from a judgment entered by default. Appellee San Juan State Bank filed suit on January 27, 1966, in the 93rd District Court of Hidalgo County against L. P. Leibowitz on a promissory note. The petition described the note in detail, set out the date of its execution, September 6, 1960, the total principal amount of $2,-392.61, method of payment in monthly in-

stallments of $50.00 each beginning September 25, 1960, interest rate, and provision for attorney fees, and the amount of credits to which defendant was entitled. Service of citation was had upon the defendant in Pharr, Texas, by Hidalgo County Precinct 3 deputy constable G. Quintanilla. The return, which was filed in the district clerk's office February 5, 1966, recites that service was had on appellant at 8:00 P.M. on January 31, 1966, requiring defendant to appear in court by filing a written answer at or before 10 o'clock A.M. the Monday next after the expiration of 20 days from service. According to the return, appearance day would fall on Monday, February 21. On February 21, appellee took default judgment on the note as sued on, the decree being signed by the trial judge on that date.

On February 28, 1966, appellant filed his sworn written answer with the district clerk, which pleading contained special exceptions to the petition, a general denial, and pleas of limitation and failure of consideration. He also, on that same day, filed a sworn motion to set aside the default judgment and grant a new trial. In this motion appellant alleged that the citation was served on him on Tuesday, February 1, 1966, so that appearance day was February 28, 1966; that he had timely filed his answer and was not in default. He further pled that he had a good and valid defense to plaintiff's cause of action, in that same was barred by the statute of limitations, and also that the note was without adequate consideration.[1] Appellant and deputy constable Quintanilla testified at the hearing on the motion. The original of the citation showing service to have been had January 31, 1966, was introduced in evidence by appellee. Appellant testified that he was served by the deputy about 8:30 P.M. on *Tuesday, February 1, 1966,* and that he was not in Hidalgo County on January 31. He introduced in evidence as his exhibit No. 1 the copy of the citation served on him, which showed the following notations on the reverse side:

---

1. Appellant was not represented by a lawyer in any of the proceedings in the trial court. No lawyer appeared for him on appeal, either on his pro-se brief or oral argument.

2. This was not signed by the district clerk, whose name is printed on the form, or by any of his deputies. The original shows to have been filed in his office February 5, 1966.

Deputy constable Quintanilla, placed on the stand by appellee, appeared not to be sure when he served the citation on appellant, except that he remembered that it was on a Monday. His testimony with reference to dates was so indefinite and confusing as not to be very reliable. If his evidence that he served the citation on a Monday is correct, it would necessarily have been January 31, since the citation was issued January 27, and the original containing the certificate of service was filed February 5, and the date of service as set by appellant was Tuesday, February 1. He recognized appellant's exhibit No. 1 as being the copy of the citation delivered by him to appellant, and stated that the signature under the statement that the date of delivery of the citation to appellant is Feb.     1966, was his, and that he wrote such signature. He stated that he did not write the words "Feb.     1966"; that such was on the instrument when it was given him, and that Mr. Bales, the constable, had probably placed it there. He did not remember how the "1–31–66" got on the copy given by him to appellant; he thought it was already there when he received the paper from Bales.

The trial court did not pass upon this motion for a new trial and the testimony introduced at the hearing, but permitted the motion to be overruled by operation of law.

■ In our opinion based on the pleadings of the parties and the evidence introduced at the hearing on defendant's motion, the default judgment should be set aside, and a new trial granted, under the rule laid out by the Supreme Court in Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W. 2d 124, p. 126 as follows:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial set up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity."

See also for a few of the many cases citing with approval the opinion in Craddock v. Sunshine Bus Lines, supra; Hanks v. Rosser, Tex.Sup.Ct., 378 S.W.2d 31; Ivy v. Carrell, Tex.Sup.Ct., 407 S.W.2d 212, opinion rendered October 5, 1966; City of San Antonio v. Garcia, Tex.Civ. App., 243 S.W.2d 252, writ ref.; Smith v. Hillsboro State Bank, Tex.Civ.App., 253 S.W.2d 897; Iley v. Reynolds, Tex.Civ. App., 319 S.W.2d 194, writ ref. n. r. e.; Box v. Associates Investment Company, Tex.Civ.App., 352 S.W.2d 315; Reynolds v. Looney, Tex.Civ.App., 389 S.W.2d 100, writ ref. n. r. e.; Black v. Johnson, Tex. Civ.App., 404 S.W.2d 382.

■ It is to be noted that this case is before us on direct appeal from the judgment sought to be set aside, and the stricter rules applicable to a bill of review are not controlling. Ivy v. Carrell, Tex.Sup.Ct., supra.

■ It is clearly established from the evidence on the hearing on defendant's motion that his failure to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident. It is not necessary that we determine the fact issue whether he was actually served on January 31 or February 1. We recognize the rule that where the officer's return on a citation duly filed in the papers of the case is regular, it may not be impeached by the uncorroborated testimony of the party shown by the return to have been served, and that the proof of impeachment must be clear and satisfactory. Cortimiglia v. Miller, Tex.Civ.App., 326 S.W.2d 278; citing Gatlin v. Dibrell, 74 Tex. 36, 11 S.W.

908; Harrison v. Sharpe, Tex.Civ.App., 210 S.W. 731, err. ref.; Randall v. Collins, 58 Tex. 231; Joseph v. Kiber, Tex.Civ.App., 260 S.W. 269; San Antonio Paper Co. v. Morgan, Tex.Civ.App., 53 S.W.2d 651, error dism.; Swearingen v. Swearingen, Tex.Civ.App., 193 S.W. 442. See also Wright v. Austin, Tex.Civ.App., 175 S.W.2d 281, writ ref. w. o. m.; Sgitcovich v. Oldfield, Tex.Civ.App., 220 S.W.2d 724, writ. ref. However, in addition to the appellant's testimony that the date of service was February 1, 1966, we have the undisputed evidence, coming from appellant and the officer serving him, that defendant's copy of the citation at the time it was delivered to him by the officer stated, over the officer's signature, that the date of delivery of the citation and copy of the petition to appellant is Feb. 1966. Appellant testified, and there is no contrary evidence, that he relied on the February date of service, and understood that as a result thereof, his answer was not due until February 28, which was the Monday next after 20 days from said date. Any mistake or accident in the notation placed on defendants copy of the citation was that of the officer, and not of appellant.

■ Rule 106, Texas Rules of Civil Procedure, provides in part that "Unless it otherwise directs, the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation *with the date of delivery endorsed thereon* and with a copy of the petition attached thereto." (Emphasis is ours) We agree with the interpretation which has been placed on the emphasized portion that the failure of the officer serving a citation to endorse the date of delivery upon the copy delivered to defendant does not affect the jurisdiction of the trial court to render a default judgment, but if the defendant seasonably moves to set aside the default judgment and shows that he was in fact injured or misled by the officers failure to endorse the date of service upon the

copy the trial court should set aside the default and give the defendant an opportunity to appear and have a trial on the merits. Commentary following Rule 106, Vol. 1, Vernon's Texas Rules Civil Procedure, p. 364–365; 6 Tex.Bar Journal 20; 8 Tex.Bar Journal 31.

In the present instance, the copy served on defendant not only did not have the January 31 date of delivery endorsed on it, it had over the signature of the serving officer a date endorsed as the date of delivery which would have prevented service being ripe on the date the default judgment was entered. Service of the citation on any date in February would not have authorized the rendition of the default judgment on February 21, since 20 full days must elapse between the date of service and the Monday on which answer is due, excluding the day of service. Rule 101, T.R.C.P.; 5 Tex.Bar Journal 95; 8 Tex.Bar Journal 7.

■ The next requirement outlined in Craddock v. Sunshine Bus Lines, supra, is that the motion must set up a meritorious defense. The Texas Supreme Court in Ivy v. Carrell, decided October 5, 1966, supra, quoted with approval from and reaffirmed the principles of law laid out in Craddock. The opinion explains that the language used in Craddock with reference to the motion setting up a meritorious defense does not mean that the motion must merely *allege* that the defendant "has a meritorious defense;" it must allege facts which in law would constitute a defense to the cause of action asserted by plaintiff, and must be supported by affidavits or other evidence proving *prima facia* * that the defendant has such meritorious defense. The court held that since the motion for new trial in that case did not contain allegations of facts which in law constitute a meritorious defense to plaintiff's cause of action, and the testimony given on the hearing did not prove such a defense *prima facia,* * the trial court did not err in overruling the motion.

* Emphasis ours.

In our case, Leibowitz plead in his motion as a defense to the plaintiffs cause that same was barred by the statute of limitations. Plaintiff's petition was before the court, and on the hearing defendant pointed out that the petition showed on its face that the note, payable in monthly installments starting five years and five months before the suit was filed, was subject in part to the defense of the four year statute of limitations. In connection therewith, defendant testified to the fact that a part of the money sued for is for payments more than four years past due, both as to principal and interest. As stated in Ivy v. Carrell, supra, it was necessary only that defendant plead and prove a *prima facia* defense. If he did that, and met the other tests set forth in Craddock, he would be entitled to a new trial. In our opinion, the record shows that the defendant met the requirement of setting up, by pleading and proof, a meritorious defense.

The point is raised by appellee that the defense of limitation is not such a meritorious defense as is required to be shown under the rule of Craddock v. Sunshine Bus Lines. We believe that the following quotation from Fowzer v. Huey & Philp Hardware Co., Tex.Civ.App., 99 S.W.2d 1100, p. 1103, writ dism., which we approve, answers such contention:

"Is a plea of limitation a meritorious defense, or is it wholly technical and insubstantial? We are aware of some early decisions which seem to hold that a plea of limitation is not a meritorious defense and is not recognized in courts of equity to set aside a default judgment, Foster v. Martin, 20 Tex. 118, 119; Dowell v. Winters, 20 Tex. 793, 794; but we are in accord with the holding and authorities cited by the San Antonio Court of Civil Appeals, application for a writ of error dismissed by our Supreme Court, in Cain v. Thompson et al., 72 S.W.(2d) 339, 340, in which that court says: 'The more recent, and, we think, the better, cases, have abrogated the rule. The modern judicial view is that the statute of limitations is one of repose, and that as a defense the statute is now classed as meritorious, and as much so as other valid defenses.' "

The motion was filed at a time when the granting thereof would occasion no delay or otherwise work an injury to the plaintiff. It was actually filed on the very first day that, according to the endorsement of the officer on the copy delivered by him to defendant, a judgment could legally have been rendered by the court.

We hold that under the rules laid down by Craddock v. Sunshine Bus Lines, supra, and by Ivy v. Carrell, supra, as well as under the equities of the situation, the default judgment should be set aside, and a new trial granted. It is so ordered.

Reversed and remanded.