J. F. HENDRICKS, Independent Executor of the Estate of C. P. Kibby, Deceased, and Lamont Hendricks, Guardian of the Estate of Charles P. Kibby, an Incompetent, Appellants,

v.

Ed P. WILLIAMS, Appellee.

No. 728.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 7, 1972.

Philip A. Schraub, Corpus Christi, for appellants.

Ed P. Williams, pro se.

## OPINION

SHARPE, Justice.

This appeal is from a judgment rendered by default against appellants in favor of appellee for attorney's fees in the amount of $1500.00.

Appellants assert three points of error reading as follows:

### "POINT OF ERROR NO. 1

The Court erred in entering a default judgment against appellants for the reason that appellee's petition fails to state a cause of action against them.

### POINT OF ERROR NO. 2

The Court erred in entering default judgment for appellee against appellants in the form employed, based upon a petition in like form, which fails to properly proceed against appellants in their representative capacities only, when, by the express statements of appellee, he has never sought to recover of appellants, but only from the estates represented by them.

### POINT OF ERROR NO. 3

The Court erred in failing to grant appellants' motion for new trial within the time set by the written agreement of the parties for the disposition thereof."

Appellee filed suit against appellants on September 27, 1971 alleging in substance the following: That he had been employed by Charles R. Kibby, son of C. P. Kibby, also known as Charles P. Kibby, to obtain the appointment of a guardian to conserve the estate of the said Charles P. Kibby, who was in a state of incompetence; that Charles R. Kibby was appointed temporary guardian; that, thereafter, Lamont Hendricks was appointed guardian under bond of $25,000.00; that he performed various services in order to conserve the said estate, which he alleges to have been of benefit to the estate in general and all beneficiaries under the will of Charles P. Kibby; that Charles P. Kibby died after Lamont Hendricks was appointed guardian; that although he had presented his claim of $1,-800.00 to both the guardian and executor, it had not been paid; that the will of Charles P. Kibby has been probated; that he sought payment of only one sum of $1,800.00 to be paid under the order of the court by the executor or the guardian or both of them as the court should see fit.

Default judgment was rendered in favor of appellee on November 8, 1971, reciting that "J. F. Hendricks, Independent Executor of the Estate of C. P. Kibby, Deceased and Lamont Hendricks, Guardian of the Estate of Charles P. Kibby an incompetent are defendants", and decreed, "that plaintiff, Ed. P. Williams, do have and recover of and from defendants, J. F. Hendricks, Independent Executor of C. P. Kibby, Deceased and Lamont Hendricks, Guardian of the Estate of Charles P. Kibby, an incom-

petent, the sum of $1,500.00, together with his costs of court."

On November 12, 1971, appellants filed their original answer along with a motion for new trial which, among other things, in substance asserted that the default judgment should be set aside.

Appellants' verified motion for new trial alleged that their failure to timely answer was because of the accident and mistake of their attorney in incorrectly computing the date that their answer was due, and that such failure was not intentional or the result of conscious indifference on their part or of their attorney but was due to the mistake or accident of their attorney, as is more fully hereinafter set out. Appellants further alleged that they have a meritorious defense to the suit of appellee because of: the insufficiencies in the petition as filed by appellee; the lack of any contract of employment between appellee and appellants individually or for the estates they represent; that appellee's employment was for and with one Charles R. Kibby who had no interest in the estates involved; that the efforts of the said Charles R. Kibby were successfully contested and opposed by appellants; and that appellee does not have a cause of action against either the Estate of C. P. Kibby, deceased, or Charles P. Kibby, an incompetent, or appellants as representatives which could be based upon any contract of employment for there never had been any such employment; that no action could be based upon quantum meruit for no services of value had ever been rendered to C. P. Kibby or to his estate or to appellants, nor does his petition aver such as to support a judgment on that ground; that by order appointing Lamont Hendricks guardian the claim of appellee was limited to reimbursement to him of the court cost deposit previously advanced, even though he had asserted a claim for attorney's fees; further, that the form of the petition and default judgment rendered thereon amounted to a judgment against appellants individually rather than in their representative capaci-

ties; that such motion was not filed for delay but that justice may be done, and an offer was made by appellants to agree to an early trial so as not to delay appellee's time for a trial.

Appellants' motion was set for hearing on the 3rd day of December, 1971 and the hearing was commenced upon said date. At that time, counsel for appellants, among other things, testified in substance as follows: That sometime during the week following October 13, 1971, J. F. Hendricks brought to him the two citations which had been served on appellants and that he directed counsel to contest the claim of appellee; that discussion was had concerning the nature of the contest and within several days thereafter counsel for appellants dictated the draft of an answer and advised his secretary to set it up on her calendar and counsel's calendar since it had to be filed by November 15th and he planned to file it during the preceding week; that counsel for appellants was in California on an urgent matter from the 4th through the 10th of November; that while at the courthouse on November 11th, he discovered that default judgment had been taken on November 8th, thinking that answer was not due until the following Monday, but found that he had miscalculated; that he began preparation of the motion for new trial, after being unable to reach appellee to explain what had happened, and filed it on the 12th; that his only excuse for not getting the answer filed was his mistake in calculating the time it was due; that had he been in town this may not have happened, for he may have learned then of his mistake in time to have gotten something filed; that he had no intention whatsoever of not filing an answer, or to be consciously indifferent to the matter, nor sit back and let appellee get a judgment without contesting it; that he had been instructed by the client to answer and contest the claim and was seeking to do so.

This hearing was recessed to be resumed at a later date to be advised by the court.

Then, by written agreement of the parties, the time for hearing was extended to January 21, 1972, and the hearing was resumed on that date. At that time appellant, J. F. Hendricks testified in substance, as follows: That upon being served with citation, he immediately contacted Mr. Schraub. Mr. Schraub instructed him to oppose appellee's suit, discussed the nature of the defense, and never considered not contesting the suit; that later he had been advised by Mr. Schraub that because of his mistake an answer had not been filed and a default judgment was entered, and that the hearing was on the motion for new trial. J. F. Hendricks further testified that neither he nor his wife, Lamont, ever conferred with appellee or employed him as their attorney, nor did Mr. C. P. Kibby, and they did not know that appellee was involved as an attorney in anything in relation to this matter until informed by the bookkeeper that Charles R. Kibby had been appointed guardian; that no contact with appellee was had after that, and none of his work product has been used and they have been opposed to appellee's having anything to do with the estate in any capacity. Mr. Hendricks also testified that Charles R. Kibby, son of Charles P. Kibby, had died in Mexico about two and a half days after his father's death.

At the hearing of appellants' motion for new trial appellee stated to the court that he had no contract of employment with appellants and that he had never asserted that he was representing Lamont and J. F. Hendricks and that he never has asserted that he was ever employed by either Lamont Hendricks, J. F. Hendricks, or C. P. Kibby, but at all times he has asserted that he was employed only by Charles R. Kibby to establish the guardianship, and that is what he represented; and that he never at any time claimed that he was engaged by Mr. or Mrs. Hendricks.

The hearing on January 21, 1972 was concluded with the court stating that he wished to check the cases cited by the parties and would let counsel know in the next few days. On February 10, 1972, the court entered its order granting a new trial.

■ January 21, 1972 was the ninetieth day after the filing of appellants' motion for new trial and was the last day that the court could have acted on the motion under Section 4, Rule 329b, Texas Rules of Civil Procedure. Thereafter, the trial court lost jurisdiction to grant a new trial and the order of February 10, 1972 was a nullity. Appellants have timely filed the record herein based on the premise that their motion for new trial was overruled by operation of law on January 21, 1972.

In view of the pleadings of the parties and the evidence introduced at the hearing on appellants' motion we have concluded that appellants' point of error number three should be sustained. The trial court should have set aside the default judgment and granted a new trial within the time allowed by law for such action. The applicable rules are set out by our Supreme Court in Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126 (1939), as follows:

". . . A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity."

See also for a few of the many cases citing with approval the opinion in Craddock v. Sunshine Bus Lines, supra; Hanks v. Rosser, 378 S.W.2d 31 (Tex.Sup.1964); Ivy v. Carrell, 407 S.W.2d 212, Tex.Sup. Ct., opinion rendered October 5, 1966; City of San Antonio v. Garcia, 243 S.W.2d 252 (Tex.Civ.App., San Antonio 1951,

**308**

writ ref.); Smith v. Hillsboro State Bank, 253 S.W.2d 897 (Tex.Civ.App., Galveston 1952); Iley v. Reynolds, 319 S.W.2d 194 (Tex.Civ.App., Beaumont 1958, writ ref. n. r. e.); Box v. Associates Investment Comany, 352 S.W.2d 315 (Tex.Civ.App., Dallas 1961); Reynolds v. Looney, 389 S.W.2d 100 (Tex.Civ.App., Eastland 1965, writ ref. n. r. e.); Black v. Johnson, 404 S.W.2d 382 (Tex.Civ.App., El Paso 1966); Leibowitz v. San Juan State Bank, 409 S.W. 2d 586 (Tex.Civ.App., Corpus Christi 1966, n. w. h.).

 With reference to the requirements that the motion for new trial set up a meritorious defense and that the motion be filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff, it appears from the record as a whole, including the averments as set forth in the motion for a new trial and the evidence, that there is a meritorious defense pleaded and proved prima facie by appellants; that appellants' motion was filed and presented at a time when the granting thereof would occasion no delay or otherwise work injury to appellee. Obviously, the trial court was also of this view or else it would not have entered its order of February 10, 1972, granting a new trial; but, unfortunately, the court had lost jurisdiction at that time to enter such order, by reason of the provisions of Section 4 of Rule 329b of the T. R.C.P. It should be noted that this case is before us on direct appeal from the judgment sought to be set aside and the stricter rules applicable to a bill of review are not controlling in this type of case. Ivy v. Carrell, 407 S.W.2d 212 (Tex.Sup.1966). In holding that appellants' motion for new trial and the showing made in support of it entitled appellants to have the default judgment set aside, we are not to be understood as holding that appellants have established an impregnable defense as a matter of law which would automatically entitle them to a favorable judgment. The issues remain to be tried on the merits in the usual way. See Ivy v. Carrell, supra.

We believe that appellants' points one and two are without merit and they are overruled. As above-indicated, we sustain appellants' Point No. Three, reverse the judgment of the lower court and remand the case for new trial.

Reversed and remanded.