## FOWLER v. FOWLER.
### No. 9501.

Court of Civil Appeals of Texas. Austin.

May 9, 1945.

Rehearing Denied May 23, 1945.

Wm. E. Davenport, of San Angelo, for appellant.

Clyde Vinson, of San Angelo, for appellee.

BAUGH, Justice.

A divorce decree in favor of appellee against appellant was entered on December 1, 1944. On the following day appellant filed a motion to set it aside on the grounds that he had an answer on file contesting such suit; that his attorney was out of the city at the time; that he did not know said case was set for trial on said December 1, 1944, and was therefore not present; and that he had been denied his day in court. After hearing on this motion it was overruled and this appeal prosecuted.

The record presented here shows: Suit for divorce was filed by appellee on September 29, 1944. Waiver of process was mailed to appellant who declined to sign and return it, citation was thereupon issued and served upon him on November 6, 1944. About November 17 or 18, appellant sought to employ attorney James P. Farrell to represent him. They could not agree on a fee and Farrell declined to take his case; but did agree to see appellee's attorney and endeavor to get the case passed for a period of sixty days in an effort to effect a reconciliation between the parties. Due to absence of Mrs. Fowler's attorney, Mr. Vinson, from the city, Farrell was unable to see him until November 24, at which time Vinson advised Farrell that no reconciliation was possible and that appellee was insisting on a trial. This information was conveyed by Farrell to appellant who also advised that he must have an answer on file on or before November 27. This ended Farrell's connection with the case. On Sunday, November 26, appellant came to San Angelo from Texon, where he was employed by Big Lake Oil Company, and employed Wm. E. Davenport to represent him. Davenport filed an answer for appellant the following day, November 27, and testified that he went to Vinson's office twice on that day to see him about the case, and also telephoned his office, but was unable to contact Vinson. Davenport came to Austin, Texas, on official business, the following day, Tuesday, November 28, and did not return to San Angelo until Friday night, December 1. Trial was had on that day and the judgment recites that defendant had been cited but did not appear.

It is the contention of appellee that the trial court had adopted a rule setting aside the first Friday in each month for trial of divorce cases; and that appellant and his counsel knew of such rule. Farrell, who first advised with appellant, testified that he did not know of such a rule. Fowler testified that he did not know of it, nor that his case would be called for trial on December 1. Davenport did not know that Farrell had ever been consulted by Fowler. Nor does it appear that the instant case had been set down for trial on any specific date. Davenport testified that the rule or practice of the court to try divorce cases on the first Friday in each month did not apply to contested cases, and that "I have never known contested cases to be tried unless the attorneys agreed to it."

Appellee's attorney thought Farrell represented appellant and did not know otherwise until the case was called for trial on December 1, when he discovered appellant's answer filed by Davenport, and so advised the court. Davenport, after his unsuccessful effort to contact Vinson on Monday, November 27, assumed that in view of the answer filed the case would not be tried during his absence, but would be passed and set down for a day certain, when appellant could come to San Angelo from Texon and have his witnesses present.

Thus there is presented, we think, neither bad faith nor lack of diligence on the part of either party, but a misunderstanding on the part of both of the facts and cicumstances, with the result that appellant has not been afforded an opportunity to present whatever defenses he may have. We are of the opinion, therefore, that the trial court abused its discretion in not granting appellant's motion for a new trial.

The question is also raised as to the sufficiency of plaintiff's petition under the holdings in McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459; and Yaw v. Yaw, Tex.Civ.App., 81 S.W.2d 266. Appellant failed to point out such insufficiency by appropriate exceptions; and though subject to the objections made on this appeal, the petition appears to have been sufficient under the holding in the McCullough case.

These matters may be appropriately pleaded upon another trial.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded for another trial.

Reversed and remanded.