Tom W. MAUS, Appellant,

v.

TURMAN & MITCHELL, Appellee.

No. 11762.

Court of Civil Appeals of Texas, Austin.

May 27, 1970.

Rehearing Denied June 24, 1970.

Carl Raymond Crites, San Antonio, for appellant.

Turman & Mitchell, Joel B. Mitchell, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellee, a partnership located at 613 Brown Building, Austin, Texas, brought suit against Tom W. Maus, Appellant, on October 28, 1969 for attorney's fees, on a statement dated October 7, 1969. Appellee asked for $2,445.11, the balance shown on the statement, and an attorney's fee of $900 plus interest, costs of court and other relief. The petition was signed by one John R. Harris, also located at 613 Brown Building, Austin, Texas, the address of the Appellee. The cause was filed in the District Court, Travis County, Texas, under No. 176,371.

Appellant Tom Maus was served with citation in the cause and Appellant, forthwith, on the date of service of citation retained counsel for Appellant herein to answer and defend the suit.

Simultaneously with filing suit for its attorney's fees and other relief, Appellee in the District Court of Travis County, Texas, in Cause No. 176,372 and styled Turman and Mitchell vs. Gracy Title Company, et al., filed an Application for Writs of Garnishment against Gracy Title Company, San Antonio Financial Services, Inc., Home Acceptance Corporation of Texas, and Soledad Finance Company, companies in which, as was well known to Appellee by virtue of having represented Appellant, Appellant had an interest or had funds due or to become due. This cause sought to garnish before judgment the sum of $2,445.11, the attorney's fees claimed due in Cause No. 176,371.

Attorney for Appellant herein, is and was agent for service of citation for San Antonio Financial Services, Inc., and as such was served on October 30, 1969, with citation in Cause No. 176,372. The petition in Cause No. 176,371, having been delivered by Tom W. Maus and the Application in Cause No. 176,372, having been served by the Deputy Sheriff, were placed together on the desk of the secretary of the Attorney for Appellant who thereupon made and opened a single file in accordance with what the secretary believed to be the standard operating procedure of the office. The secretary did not realize that there were in fact two cause numbers in connection with Appellant Tom Maus and companies related to him.

On October 31, 1969, after negotiations with Appellee, Appellant delivered to Appellee the sum of $2,445.11, by U.S. Mail, the receipt of which was acknowledged by one of the Appellee partnership, Joel Mitchell.

Thereafter on November 10, 1969, the court entered an Order of Dismissal in Cause No. 176,372.

Thereafter counsel for Appellant, on behalf of Appellant, prepared a plea of privilege and answer to the cause of action set out in Cause No. 176,371 and after the

matter was duly sworn the plea of privilege and answer were delivered by mail on November 19, 1969 to the District Clerk, Travis County to be filed.

Through inadvertent error and mistake on the part of Appellant's counsel, the written plea of privilege and answer to the cause of action in Cause No. 176,371, styled Turman & Mitchell vs. Tom Maus, was, in Appellant's counsel's office, numbered No. 176,372, and styled Turman & Mitchell vs. Gracy Title Company, et al., and the pleading though timely prepared and filed was filed in the papers of the other Cause numbered 176,372.

Simultaneously with the filing of such papers, a true copy of the plea of privilege and answer was served by Certified Mail upon John R. Harris, at the office of Appellee in Austin, Texas, and on or about November 19, 1969, one Phillis Snyder acknowledged receipt of such papers. Appellee's counsel knew or should have known that such plea of privilege was intended to be in response to Cause No. 176,371.

Appellant contends that on or about November 26, 1969, Appellee had in its possession the full amount sued for, before thirty days had expired from date of presentation of such statements; that Appellee was not entitled to judgment for attorney's fees as a matter of law; that the pleadings of the Appellant and the true facts would not and will not support a judgment as entered for the Appellee, that Appellant's counsel had through mistake or error filed the plea of privilege and Appellant's answer to this cause under the style and number of companion Cause No. 176,-372, which had already been dismissed; but that an answer and plea of privilege had in fact been prepared and filed and notice of same served on Appellee's counsel in accordance and with the Rules of Civil Procedure; and without giving notice to Appellant's attorney as required by the Rules of Civil Procedure; Appellee appeared in court and had a default judg-ment entered in Cause No. 176,371, to which, in truth, at law, in equity and in good conscience Appellee was not entitled.

After obtaining the entry of such default judgment, Appellee gave no notice to counsel for Appellant and but for notice from the Clerk of the court neither Appellant nor his counsel would have known of the action of Appellee until such judgment had become final and execution had issued thereon.

In December, 1969, more than ten days after the entry of the default judgment herein Appellant learned of its entry and on December 19, 1969, Appellant filed two motions, the first to set aside the judgment entered on November 26, 1969, and the second for new trial.

On December 22, 1969, both motions were overruled and this appeal was taken.

Appellant is before us on two points of error; however, as we sustain the second point, it will not be necessary for us to discuss the first.

■ Appellant's point, which we sustain, is the error of the trial court in overruling Appellant's motion for a new trial where the default judgment was entered after an answer had been erroneously filed in a companion case, a fact well known to Appellee and Appellee's counsel, and where the failure of Appellant to have filed a written answer under the properly numbered cause before judgment was not intentional, or the result of conscious indifference on Appellant's part, but was the result of mistake or accident not attributable to Appellant and where the motion for new trial set up a meritorious defense and was filed at a time when the granting thereof would occasion no delay or otherwise work an injury to Appellee.

The rule applicable to the case at bar has been restated many times in our jurisprudence. In Iley v. Reynolds, 319 S.W.2d

194 (Tex.Civ.App., Beaumont, 1958, er. ref'd n. r. e.), the court said:

"The question before us then seems to be purely whether, under the facts and circumstances shown without dispute, the trial court erred in overruling the motion to set aside the default judgment and grant a new trial. Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126 is the basic authority on this question. There the court said, 'A default judgment should be set aside a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.' Later cases following this rule are the City of San Antonio v. Garcia, Tex.Civ.App., 243 S.W. 2d 252; Newsom v. Boyd, Tex.Civ.App., 203 S.W.2d 874; Flusche v. Uselton, Tex.Civ.App., 201 S.W.2d 58; Brown v. Wortman, Tex.Civ.App., 208 S.W.2d 624; Hubbard v. Fidelity & Casualty Co. of New York, Tex.Civ.App., 285 S.W.2d 890. Fowler v. Fowler, Tex.Civ.App., 187 S.W.2d 713 is another case which goes even further and held that the refusal of a new trial by the trial court was an abuse of discretion even though all the requirements stated in Craddock v. Sunshine Bus Lines, supra, were not shown to have been satisfied. In McDonald's Civil Practice, Vol. 4, p. 1449, it is said: 'Broad generalizations are found in earlier cases indicating that appellate courts should intervene only where there has been a clear abuse of discretion in refusing the motion, but recent opinions indicate that the discretion should be exercised somewhat liberally in the light of the guiding principle that new trials should be allowed freely when certain basic requirements are met.' The writer of the text was discussing motions to set aside judgment by default. The writer also says on the following page that each of such cases therefore depends to a large measure upon its peculiar facts and an extensive review of particular situations would hardly be profitable. The precedents establish, however, that the tendency seems to be when the requirements stated are met, to grant a new trial liberally upon a showing that defendant has not intentionally or with conscious indifference ignored his obligation to answer or to appear at the trial."

Also see this Court's opinions in Fowler v. Fowler, 187 S.W.2d 713 (Tex.Civ.App., Austin, 1945, no writ); Interstate Minerals v. Schlumberger Well Surveying Corporation, 219 S.W.2d 604 (Tex.Civ.App., Austin, 1949, no writ).

We hold that, under the facts of this case, the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident.

■ Appellant's motion to set aside the default judgment, which motion was under oath, averred that, "While defendant was attempting to obtain an appointment with an attorney and before 30 days had expired, plaintiffs on October 28, 1969, acting through their employee or associate John R. Harris, Attorney at Law, filed two suits concerning defendant in the Honorable 53rd District Court of Travis County, Texas."

Appellant, in such motion, also averred: " * * * that plaintiffs were not entitled to judgment for attorney's fees as a matter of law * * *"

Similar averments were made in Appellant's motion for a new trial.

We consider these allegations factually sufficient to comply with the requirement that in order to vacate a default judgment

a meritorious defense must be alleged and supported by affidavit or sworn testimony.

These allegations, liberally construed, are to the effect that plaintiffs did not employ another attorney to represent them in this suit so as to entitle them to attorney's fees under Tex.Rev.Civ.Stat.Ann. art. 2226. See Youngblood v. Wilson and Cureton, 321 S.W.2d 887 (Tex.Civ.App., Fort Worth, 1959, writ ref'd n. r. e.).

Appellant also filed an affidavit supporting his motion for a new trial from which we quote:

"1. Plaintiffs, acting through Joel Mitchell, agreed with Tom Maus to render certain legal services at the stated rate of $25.00 per hour and to provide a statement or statements setting forth such hourly services, which Plaintiffs have never done.

2. Plaintiffs acting through Joel Mitchell, agreed with Tom Maus that the payment for the legal services performed by Plaintiffs would be due and payable out of the proceeds of the sale of one or more parcels of real estate, then being offered for sale by Tom Maus, and about which Plaintiffs were fully informed.

3. That at the time of filing suit Plaintiffs had not rendered a statement setting forth the hourly services rendered and Plaintiffs knew that the sale proceeds were not available to pay for the services rendered and that the obligation for services was not at the time of filing suit then due and payable."

We believe that it sufficiently appears that a meritorious defense, supported by oath, has been pleaded.

We reverse the judgment of the trial court and remand the cause for trial on its merits.

Reversed and remanded.