# CAUSE No. 06-15-00047-CV

RECEIVED IN
The Court of Appeals
Sixth District

AUG 19 2015

Texarkana, Texas
Debra Autrey, Clerk

## Court of Appeals
## Sixth Appellate District
## State Of Texas

**BI-State Justice Building**
**100 North State Line Avenue #20**
**Texarkana, Texas 75501**

---

## Lowell Merritt / Appellant
### v.
## James Andrews and Robert Davis Appellee(s)

Both Parties Recorded an **Invalid Document** in Deed Records to <u>Cloud Title To Mr. Merritt's Real Property Located in Waco, McLennan County.</u>

---

## Cause No. 2015-2602-4
Filed in the 170th District Court-Transferred to 19th District Court
Final Orders were based on an Order made void by Texas Case Law

---

## Appeal From Final Order Issued By
Honorable Judge Ralph Stother in the **19th DISTRICT COURT**
McLennan County Courthouse 501 Washington Ave., Suite 303
Waco, Texas 76701 Phone: (254) 757-5081Fax: (254) 759-5683

---

All Attempts to obtain Court Reporters Transcript have Failed

( i )

## Identity of the Parties Involved

Lowell Merritt / Appellant /pro se  Contact Info for Mr. Lowell Merritt
              2470 E. Stone Rd. Wylie, TX. 75098
                 Ph: 214-779-5430
               E-Mail: knight155@excite.com

   vs.

James Andrews / Appelle / pro se  Contact Info for Mr. James Andrews
              122 Touchstone Road Wylie, TX. 75098
  and           Phone Number and E-Mail are Unknown

Robert Davis / Appellee / pro se  Contact Info for Mr. Robert Davis
 (he is Representing Himself      8131 LBJ Frwy. Suite 700
Pro se is not allowed to collect     Dallas, TX. 75215
attorney Fees)        Ph. 972-234-3400 FAX 972-234-1750
              E-Mail: BDavis@mssattorneys.com

## Court Issuing Final Order Dismissing Litigation

Honorable Judge Ralph Stother 19th **DISTRICT COURT** McLennan

County Courthouse 501 Washington Ave., Suite 303 Waco, Texas 76701

Phone: (254) 757-5081 Fax: (254) 759-5683

# TABLE OF CONTENTS

**Content**................................................................**Page**

Cover Page...............................................................(i)

Identity Of Parties......................................................(ii)

Table of Contents.......................................................(iii)

Index of Authorities.............................................(iii), (iv), (v)

Oral Argument...none requested....................................1

Statement of Jurisdiction...........................................1

Statement of Case....................................................1

Statement of Facts....................................................1

Argument...........................................................2 - 12

Summary Of Argument..............................................12

Prayer...................................................................13

Certificate Of Service...............................................14

Appendix...........................................................15.16

**Final Order**.........................................................**17**

**EXHIBITS**...............................................**after Final Order**

(iii)

# INDEX OF AUTHORITIES

**Statutes & Codes**...............................................................**Page**

Tex.R.App.P Rule 17.2.................................................................1

Civ.Prac.&Rem.Code Ch. 12 Sec. 12.002.............................1,4,8

Civ.Prac.&Rem.Code Ch. 12 Sec. 12.003.................................13

Civ.Prac.&Rem.Code Ch. 15. Sec. 15.011..............................2,11

Penal Code Sec. 32.49..............................................................1,4

Rule 18a Recusal.......................................................................10

Gov.CodeChapter 27 Justice Courts Sec. 27.055(b) (recusal defined)......5

Gov. Code Chapter 82 Sec. 82.061 and Sec. 82.062......................12

Tex.R.Civ.P. Rule 523..................................................................5

**TEXAS CASE LAW**.................................................................**Page**

Brosseau v. Ranzau, 911 S.W.2d 890 (Tex. 1995)....................6.10

CitizensIns.Co.Of Am. v. Daccach, 217 S.W.3d 430, 452-53(Tex. 2007)...3

Cramer v. State Farm Mutual Auto Ins. Co. (Tex.-2007)....................7

Cunningham v. Parkdale Bank, 660 S.W.2d 813 (Tex 1983)..............3

El-Karch v.TexasAlcoholicBev.Comm'n,874 S.W.2d 192,194-1994).......12

Granado v. Madsen, 729 S.W.2d 866, 870 (Tex. 1987)....................2

Hall v. McKee, 179 S.W.2d (Tex. 1944).......................................7

**Texas CaseLaw…………..continued…………………………..Page**

In Re Marriage of Grossnickle, 115 S.W.3d 238, 252 (Tex. 2003)………10

Mapco Inc. v. Forrest, 795 S.W.2d 700,703 (Tex. 1990)………………….3

Maus v. Truman & Mitchell. 456 S.W.2d 181 (Tex. 1970)……………….11

Mullen v. Coussons, 745 S.W.2d 50 (Tex. 1987)…………………………7

Nabejas v. Tex. Dep't Pub. Safety 972 S.W.2d 875, 876 (Tex. 1998)……..3

Poole v. Goode, 442 S.W.2d 810. 812 (Tex. 1969)……………...…………7

State v. Riewe, 13 S.W.3d 408, 413-14 (Tex.Cr.-App.2000)………………3

Seber v. Glass, 258 S.W.2d. 122, 124 (Tex, 1958)…………………………2

Tex.Ass'n ofBus. v. Tex.AirControl Bd. 852 S.W.2d 440,445(Tex.1993)…3

**Tex. S. Ct.** in Bridgmen vs. Moore, 143, Tex. 250, 183 S.W.2d Page 707..12

Youngblood v. Wilson & Cureton, 321 S.W.2d (Tex 1959)……………….11

## *ORAL ARGUMENT NOT REQUESTED*

**POINTS OF ERROR** (1) **Texas Courts** are simply not at liberty to ignore Texas Case Law that **voids** *Orders issued* and **res judicata** *does not apply* to *Adjudication* by Courts that **lack subject matter jurisdiction**.

### Statement of jurisdiction

Texas Rules Of Appellant of Procedure... **Rule 17.2** gives the **6th District** C.O.A. the **same Subject Matter Jurisdiction** as the **10th District** C.O.A.

## *STATEMENT OF THE CASE*

Merritt v. Andrews filed 06/26/15 in 170th Dist. Ct. in McLennan County For <u>Recording Invalid Document dated (March 2008) in Deed Records to Cloud Title to Mr. Merritt's real property located in McLennan County</u> violated Tex.Civ.Prac.&Rem.Code Chapter 12 Sec. 12.002 combination Civil and Criminal violation of State Law... Civil Violation for Recording it and Criminal Penal Code Sec. 32.49 Class A Misdemeanor for not removing it ..**Mr. Davis was added to this suit**... since he was never tried in a Proper Court... for violating Tex.Civ.Prac.&Rem.Code Chapter 12 Sec. 12.002.

## *STATEMENT OF FACTS*

Judge Strother in the 19th Dist. Ct. in Waco, TX. "Dismissed My Litigation" based on an Order he received without a Motion urging action... included Vexatious Litigant papers issued by 380th Dist. Ct. in Collin Co....assumed Collin County was a "proper court"... he dismissed my statutes & case laws.

1

## *ARGUMENT*

Merritt v. Davis Lawsuit was originally instituted in McLennan County 04/07/ 2009 assigned this to 74th District Juvenile Court Judge Coley ...**Bench Trial Set with FIAT Signed** Exhibit (AA page 3 of 3) ...**Subject Matter Topic** "Mr. Merritt's real property located in McLennan County Clouded by Invalid Document Recorded in Deed Records by Mr. Davis"

### Texas District Courts

Texas district courts are courts of general jurisdiction and are presumed to have subject matter jurisdiction over all matters unless the Texas Constitution or **Statute confers Exclusive Jurisdiction elsewhere**.

### Civ.Prac.&Rem.Code Chapter 15 MANDATORY VENUE

**Sec. 15.011. LAND**. Actions for recovery of real property **shall** be brought in the county in which all or a part of the real property is located...(and the **only** real property owned by Mr. Merritt was real property located in Waco, McLennan County Texas.)

**19th Dist. Ct. Judge Strother in Waco** signed an Order that did not have a Motion urging action to be taken...caused his order to be defective per *Granado v.Madsen*, **729 S.W.2d 866**, 870 (Tex. App.-Houston [14th] 1987, writ ref'd. n.r.e.) (judgment order in case where there were no live pleadings and thus no cause of action against which judgment could be granted was a **nullity** and of no effect); *Seber v. Glass*, **258 S.W.2d 122**, 124 (Tex.Civ. App.-Fort Worth 1958, no writ) (**No Pending pleading** causes the trial

2

court to be **without jurisdiction** and **purported order** was **void).** <u>Where there is **no pleading**, there can be **no judgment.**</u> *Cunningham v. Parkdale Bank,* 660 **S.W.2d** 813(Tex.1983)

___ **U**nlike Personal and Territorial **Jurisdiction Subject Matter <u>can not be waived</u> even** if parties agreed ... and Judgments from a court that lacked subject matter jurisdiction is <u>forever a nullity</u> **per *State v. Riewe, 13 S.W.3d 408, 413-14 (Tex.Cr.App .2000)...*** A Court **must have** subject matter jurisdiction **to adjudicate a case** per *Tex. Ass'n of Bus. V. Tex. Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993)...* and ***Mapco Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex.1990)*** A **judgment is void** when court rendering the judgment had <u>no jurisdiction...</u> and **R**es **J**udicata **DOES NOT Apply** per *Citizens Ins. Co. of Am. v. Daccach, 217 S.W.3d 430, 452-53 (Tex. 2007)* AND....*The 5th <u>Dist. Court Of Appeals</u>* could only dismiss and remand Case back to McLennan County...because Texas Case Law states...Appeals court has no jurisdiction over a **void judgment** or **order** per *Nabejas v. Tex. Dep't of Pub. Safety, 972 S .W.2d 875, 876 (Tex.App.-Corpus Christi 1998).*

## <u>MOTION TO TRANSFER VENUE</u>

Mr. Davis files Motion to Transfer Venue right after he sees a Bench Trial has been signed off on to hear this Case in McLennan County...so to keep

3

from being held accountable in a PROPER COURT...Mr. Davis inserts FALSE Statements in his Brief stating Sec. 15.013 Prevails..**Exhibit ( A )** (this is an Injunction Statute)...and Merritt v. Davis was for a Civ.Prac.& Rem.Code Chapter 12 Sec. 12.002 Violation...Civil for Recording it & Criminal Penal Code Sec 32.49 violation... for not removing it.

## PAST TO PRESENT HISTORY OF EVENTS

Back in 2007.. I was told my neighbor Mr. James Andrews was being cited for Health and Safety Code Violations by Collin County Authorities ...and for some reason he thought I was the one reporting this...so...out of spite and retaliation...and Files A **False Report** To Collin County Sherriff Office saying me and my dog had been causing him trouble for at least 15 months ...LONG STORY SHORT...I lost this in JP Court **because Judge Douglas ALLOWED Mr. Andrews, Mr. Slayton and Sgt Vance TO NOT ANSWER MY QUESTIONS** ....to remedy this... I did the following: **FIRST**...I Appealed this Verdict to a "**Criminal Court**" in Collin County. **SECOND**...I Filed THREE Separate Lawsuits **For The Following Violations: CV-09-47** Mr. Andrews Filing a False Report, **CV-08-48** Mr. Slayton, Perjury and **CV-08-49** Sgt. Vance, Failing To Provide Equal Protection Of The Law...All Lawsuits said the same verbiage of.. "**Answer My Questions in Wylie JP Court and I will drop my lawsuit**"

4

**THIRD...I DID NOT WANT JP Ct. Judge Douglas to preside over this**

Because in the Criminal Case he ALLOWED PEOPLE **TO NOTANSWER**

**MY QUESTIONS**...and Caused me to lose and have to Appeal this to

County Court...and I wanted ANOTHER JUDGE...after calling three

different Administrative Judicial Courts... all stated they had come out and

replaced Justice of Peace Judges... and Government Code Chapter 27 that

was specifically written for Justice of Peace Courts had Section 27.055(b)

and used the word **recusal** and defined this as Inability to Perform Official

duties...and the first Rule under Tex.R.Civ,P was **Rule 523 District Rules**

**Govern**... and there was no Recusal there...so I read the verbiage the

verbiage in Rule18a and it stated may be used in **"any" court** and **did not**

**exclude JP Courts**...so I file a Rule 18a Recusal Motion with the JP Court

Office and was File Stamped Jan 7th 2008...

On Jan 30th 2008...**Judge Douglas walks into the Courtroom** and says

"No one is going to be able to Speak or Object To Anything Today **and the**

**Recusal Motion does not apply to me**"...then had the Bailiff pass out

Sanctions **without listing a "specific conduct" being violated.**

GOVERNMENT CODE CHAPTER 27 JUSTICE COURTS
Sec.27.055(b)  If a justice is temporarily unable to perform official
duties because of absence, recusal, illness, injury, or other
disability, the county judge may appoint a qualified person to serve as
temporary justice for the duration of the disability.

5

JP Ct. Judge Douglas did not contact Commissioners Court and refused to follow Guidelines in the Gov. Code and or Rule18a... **Continued to Preside & Issued Orders**...See *Brosseau v. Ranzau, 911 S.W.2d 890 (Tex.App.-Beaumont 1995, no writ)*. if a trial court fails to comply with the strictures in Rule 18a, all actions taken thereafter are **void.**

## JP Ct. Sanction Orders Were Appealed to County Court

I have to back up a bit...When I let Judge Douglas know he did not have authority to Issue Orders...he set ANOTHER Hearing for (March 19th 2008) where...he bumped up the Dollar Amount of Sanctions then I appealed this.

## Appeal This To County Court In McKinney Texas

I hand carried my Appeal Brief over to County intake desk in McKinney Texas where the Clerks wanted a few thing done ...which was to put the name of each person under the CV Numbers...Appeal being Made Due To What Court's Actions...so I hand wrote with Arrow pointing to "Due To JP Ct. Judge Douglas Precinct 2 Collin County" and Gave them the MY Affidavit and two Page initial Brief that was File Stamped March 27the 2008 being 9 Days after JP Court Verdict was Issued..and the Clerks gave My Appeal Cause No. 1-798-2008 which I found out was later signed by Judge Corinne A Mason ...then I filed THREE Separate Briefs that ALL stated the same thing EXCEPT had a Different Name on it.. were all file

6

stamped April 11th 2008 Motion To Appeal Rulings where I listed Names

and Council along with Contact Information of the Front Page and let Judge

Mason know JP Court Judge Douglas refused to abide by his Recusal.

## HERE'S WHAT HAPPENED

The Defense Council <u>did not file anything in County Court</u>... and the Court

Coordinator said there were no Names or Address to send out Notice... SEE

Exhibits ( **B** ) 1st & 2nd Pages; "Motion to Appeal Rulings" Exhibit (**C** ) with

Notification of Appeal by FAX Exhibit ( **D** ) ...Everyone's Name and

Address & Council Name was in "My Motion To Appeal"...yet County

Judge **DWOP** the case Exhibit ( **E** ) ...<u>was not such a bad thing</u> because

Case Texas Case Law says the following... "It is well-settled that

[P]erfection of an appeal to county court from a justice court **nullifies** <u>the</u>

<u>judgment of the justice of peace court</u>" per *Mullins v. Coussons, 745 S.W.2d*

*50, 51 (Tex.App.-Houston [14th Dist.] 1987, no writ); Poole v. Goode, 442*

*S.W.2d 810, 812 (Tex.Civ.App.-Houston [14th Dist.] 1969, writ ref'd,* Once

a county court acquires jurisdiction by perfection of an n.r.e.). appeal from

justice court, the rules of procedure permit only that the county court to try it

or dismiss it per *Hall v. McKee, 179 S.W.2d 590, 593 (Tex.App.-Fort Worth*

*1944).* And *Cramer v. State Farm Mutual Auto Ins. Co. (Tex.App.- Houston*

*[1st Dist.] Nov 6, 2007)* the justice court's judgment to the county court is de

7

novo and a justice court's determination of fact or law "is not res judicata and does not constitute the basis for estoppel by judgment in a county court.

## Mr. Davis Records The JP Court Order Anyway

I find this out by total accident that Mr. Davis recorded this in Collin and McLennan County...yet...the only real property I owned was located in McLennan County...I FAXED Mr. Davis a Letter demanding him to remove it and he said the JP Court Judgments Traveled Underlying with the Appeal.. County Court DWOP...**reinstates Justice Courts Orders**...yet <u>**I knew he was wrong**</u>.so I filed My Lawsuit known as Merritt v. Davis for Violation of Civ.Prac.&RemCode Chapter 12 Section 12.002...Recording an Invalid <u>Document to Cloud Title to my real property in McLennan County</u>...and filed this in "County Court" in both Collin & McLennan ...and Quickly Withdrew and Re-Filed this in **District Courts** in Collin & McLennan County the same day...but **after carefully reading Statutory Laws...** ...<u>Action for this must be taken in a PROPER COURT</u>...defined as **one that had <u>Mandatory Venue</u>** and is why I initiated ACTION in the 74th District Court in McLennan County asking for a BENCH TRIAL and got the FIAT signed to hear this 06/10/2009 EXHIBIT (**AA** Page 3 of 3)...Mr. Davis filed a MOTION To Transfer Venue listed reasons for Transfer of case on Page 4 of his Brief EXHIBIT (**A**)...and case of Merritt v. Davis was erroneously

8

transferred to 380th District Court in Collin County...where Judge Wooten DENIED My Motion to remand the Case back to where Mandatory Venue lies in McLennan County...sua sponte a Vexatious Litigant Order...and after bouncing this around in Collin County for years...was a **total waste of time** because **NO COURT IN COLLIN COUNTY had Mandatory Venue and Lacked Subject Matter Jurisdiction**...

Then recently I found my neighbor James Andrews Recorded JP Ct. Order issued in (March 2008) in (2013) after he found out... I had a Heart Attack...So I sent him a Letter demanding him to remove this or I will file a Lawsuit in a Proper Court for his Violation of Law...and on June 26th 2015 filed my Lawsuit in the 170th District Court in Waco given Cause No. 2015-2602-4 then this got transferred to 19th District Court due to an ORDER being sent to Collin County WITHOUT A MOTION urging Action To be taken and No Notice or Service to anyone...**after this**...I added Mr. Davis to this Lawsuit since he has never been held accountable in a proper court.

## HISTORICAL EVENTS IN CIVIL AND CRIMINAL COURTS

(1) I WON in *CIVIL COURT* on **May 5th 2008** DUE TO [P]erfection of **Appeal nullified** Judge Douglas' Orders AND the **DWOP was the Final Verdict settling all claims**...SEE Court's Register of Actions **Exhibit (E)**

(2) I WON in *CRIMINAL COURT*...on **June 11th 2008** because the Judge

9

Stated "**You Will Answer All Questions**"... Verdict **Not Guilty** by stating

**There was not one scintilla of evidence to support Mr. Andrews claims**

### MR. DAVIS RECORDS JP Ct. Orders KNOWING

**(1)** Judge Douglas **did not** act on his Recusal... Orders were void by Texas

Case Law *Brosseau v. Ranzau, 911 S.W.2d 890 (Tex.App.-Beaumont 1995,*

*no writ).* if a trial court **fails to comply** with the strictures in Rule 18a, all

actions taken thereafter are **void...(Statute of limitations to review this has**

**expired) and is moot since [P]erfection of Appeal nullifies JP Ct. orders.**

**(2)** JP Ct Orders were **Appealed** to County Court via Cause #1-789-2008

[P]erfection of Appeal **Nullified** JP Court Orders and **DWOP was the Final**

**Verdict dismissing disputes of both sides.**

**(3) "Error of a filing clerk"** is what caused Judge Douglas to be listed as a

**Defendant** in "**Court Register of Actions**"...not me.

### Merritt v. Davis was transferred to Collin County in 2009

Judge Wooten of the 380th District Court in Collin County sua sponte

**Vexatious Litigant Order**...yet was prohibited by Texas Case Law...(*In re*

*Marriage of Grossnickle, 115 S.W. 3d 238,252 (Tex.App.-Texarkana 2003)*

(stating the vexatious litigant statute only applies when a section 11.051 is

filed within ninety day after the date on which the defendant files his or her

original answer)...and Mr. Davis admits he did not...see **Exhibit ( F )**

10

## The Art of Deception...Blatant lies...and Half Truths

In Court to On April 2014...Mr. Davis Knowingly and Intentionally LIES to the Court to **HIDE his Larceny** ...saying (1) Both McLennan & Collin County had Mandatory Venue...(2) The suit was against him but relief sought is against <u>Collin County</u> for issuing the <u>Vexatious Litigant</u>... (3) Mr. Davis also <u>changed his Story</u> by saying he <u>Transferred Venue up to Collin County</u> based on ***Mandatory Venue of where Defendant Lives***.... (4) Said he was <u>representing a Client for Collin County</u>...(**ALL FALSE** as

**Follows: (1)**..McLennan County only one to have <u>Mandatory Venue</u> via CPRC Ch. 15 **Sec 15.011**..**(2)**..**Relief** is "**Removal of invalid Document**"... <u>Vexatious Litigant Order is already</u> **void per TEXAS CASE**...**(3)**..**In 2009** Mandatory Venue Sec. 15.013 prevails **in 2014 Exhibit (G)** <u>it's "where the defendant lives"</u> ...**SEE Case Law**...*Youngblood v. Wilson & Cureton*, 321 S.W.2d (Tex.App-Ft.Worth 1959) *Maus v. Turman & Mitchell*, 456 S.W.2d 181 (Tex.App.-Austin 1970) **employment of "another attorney"** <u>was</u> <u>**necessary** to **recover attorneys' fees**</u>....(**The Reason** Mr. Davis has **No Letter of Authority from** <u>Collin Co. Commissioners Court</u> it's a <u>**case-by-case** Contract at Collin County</u> **sole discretion** & **they DID NOT** ask a <u>Order void by Case Law and **nullified** by Appeal **be Recorded**</u>... **nor ask**

11

for Mr. Davis' services)...Mr. Davis' **Half Truths** and **Blatant Lies** <u>in</u> <u>Court</u> is <u>**Perjury**</u>... **in** his <u>**Brief**</u> is called <u>**Tampering with Government**</u> <u>**Records**</u> and <u>**Deceiving an Official**</u> <u>into paying his pro se fees</u> is <u>**Larceny.**</u> ...<u>**Any Court**</u> can fine & jail Mr. Davis for "**Attorney Misconduct**" per Government Code Ch. 82 **Sec. 82.061...and Sec. 82.062** a District Court.

## *SUMMARY OF ARGUMENT*

When an Appeal is taken from a void judgment, the appellant court must declare the judgment void...Because the appellate court may not address the merits, it must set aside the trial courts judgments and dismiss and remand. SEE Case Laws..*El-Karch v. Texas Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194 (Tex.App.-Houston[14[th]Dist] 1994, no writ)* <u>**AND**</u> The **Texas Supreme Court** speaking through Folley, Commissioner, in *Bridgmen vs Moore, 143 Tex 250, 183 S.W.2d at page 707,* stated..."**A** **violation of law tried by a court void of Subject Matter Jurisdiction** causes all of it's **orders** to become **void** having no force of law... orders are good nowhere and bad everywhere" and "**There is no time limitation** **regarding a violation of law was adjudicated by a court that did not** **have power to act as a court**"....."a **Void Judgment** is mere **waste paper,** an absolute nullity, and <u>all acts performed under it are also nullities</u>".

(*Acts performed it* ...means 5th Dist. COA Orders are *also nullities*)

12

## *PRAYER*

**(1)** __Reverse__ **Vexatious Litigant Order** recorded in Austin, Texas due to **all** Collin County Court Orders were **void** by Texas Case Law due to **lack of subject matter** over __Merritt v. Davis__ **Case**... and the **5th Dist COA** in Dallas had **no jurisdiction** over **void orders** or McLennan County Texas.

**(2)** Strike 19th District Court Order to Dismiss Litigation in Waco McLennan County since it was **based on** Collin County Vexatious Litigant Order that was **void by Texas Case Law for lack of subject matter jurisdiction.**

**(3)** Remand this Case back to 19th Dist Court... with instructions to have 170th District Court hear Case known as **Merritt v. Andrews & Davis** with a statement stating Mr. Merritt should enjoined by local official per **Tex.Civ. Prac.&Rem.Code Chapter 12 Section 12.003.**

Respectfully Submitted

Lowell Merritt / Appellant / 2470 E. Stone Rd. Wylie, TX. 75098
E-Mail: knight155@excite.com / Ph. 214-778-5430

13

## CERTFICATE OF SERVICE

A copy of this Document was sent Certified Mail **7015 0640 0004 4532 7178** to Defendant (pro se) Mr. James Andrews address at 122 Touchstone Wylie, TX. 75098 and sent to Defendant (pro se) Mr. Robert J. Davis Fax Number 972-234-1750 on _August 17th 2015_ .

Respectfully Submitted

Lowell Merritt / Appellant / 2470 E. Stone Road Wylie, TX. 75098

.E-Mail: knight155@excite.com / Ph: 214-778-5430

14

*Exhibit 17th*

## *APPENDIX*

**Event...................................................................Page**

Appeals Court Cause 06-15-00047-CV................................... (i)

Final Order Appealed from 19th Dist. Ct. McLennan County........... (i)

Identity Of Parties.....................................................(ii)

Table Of Contents......................................................(iii)

Index Of Authorities..................................................(iv) (v)

Oral Argument Not Requested.............................................1

Statement of the Case...................................................1

Statement of Facts......................................................1

Argument...........................................................,,,2-11

Summary of Argument....................................................12

Prayer..............................................................12-13

Certificate of Service..................................................14

FINAL VERDICT from 19th Dist Ct. in Waco.............................15

Document of Evidence...

Exhibit (AA) initial filing of Merritt v. Davis, Motion for Bench Trial with FIAT signed & Notice by Fax

Exhibit (A) page 4 of Mr. Davis Brief to Change Venue

Exhibit (B) Appeal of JP Court Orders to County Court ...2 pages

Exhibit (C) shows Motion To Appeal Ruling filed in County Court

Exhibit (D) is Notice By FAX regarding Affidavit to Appeal using strict proof per Rule 572 to all Council and to JP Court Judge Douglas

Exhibit (E) Page 1 and 2 of County Courts Register of Actions showing Council for Defense filed nothing and DWOP was Final Verdict.

Exhibit (F) is where Mr. Davis admits he did not declare Mr. Merritt to be a Vexatious Litigant...(yet is Mandated by this Statute and is why Case Law prohibits sua sponte)

Exhibit (G) is where Mr. Davis CHANGES HIS STORY on how he Transferred Venue of Merritt v. Davis case to Collin County BECAUSE he no Evidence 15.013 Injunction EXISTED...he swore was true in 2009 so he claims it was The "Mandatory Venue of where Defendant Lives" in 2014.

16

CAUSE NO. 2015-2602-4

LOWELL MERRITT          §     IN THE DISTRICT COURT OF
                        §
VS.                     §     MCLENNAN COUNTY, TEXAS
                        §
JAMES ANDREWS           §     170TH JUDICIAL DISTRICT

FILED
2015 JUL -2 PM 12: 06
JON R. GIMBLE
DISTRICT CLERK
MCLENNAN CO. TX.
DEPUTY

## ORDER DISMISSING CAUSE OF ACTION

On this date Plaintiff, LOWELL MERRITT, appeared before the Court pursuant to 11.1035 of the Texas Civil Practice and Remedies Code. Mr. Merritt was seeking permission to proceed with this litigation following this Court's prior order staying the litigation pursuant to this statute.

IT IS THE ORDER OF THE COURT that the Plaintiff's request to proceed pursuant to 11.102(a) of the statute is DENIED and this cause of action is dismissed.

Pursuant to Section 11.102(f) of the Civil Practice and Remedies Code the Plaintiff may apply for a Writ of Mandamus to the Tenth Court of Appeals not later than the thirtieth (30th) day from the date of this order.

Signed and entered on July 2, 2015.

RALPH T. STROTHER
LOCAL ADMINISTRATIVE JUDGE

FINAL VERDICT ISSUED BY 19th District Court in McLennan County By Assuming Collin County was a Proper County... and disregarded Mr. Merritt's Statutory Laws and Texas Case Law voids Orders & res judicata does not Apply to Collin County due to **Lack Of Subject Matter Jurisdiction.**

CAUSE NO. *2009-1182-3*

| LOWELL MERRITT | § | DISTRICT COURT |
| Plaintiff | § | |
| | § | Court# *74th Court* |
| v. | § | |
| | § | |
| ROBERT DAVIS | § | McLENNAN COUNTY, TEXAS |
| Defendant | § | |

### CIVIL LAWSUIT FOR VIOLATION OF CIVIL LAW
### CIVIL PRACTICE AND REMEDIES CODE CHAPTER 12
### FOR RECORDING AN INVALID LIEN

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES the Plaintiff, Lowell Merritt who will prove beyond a reasonable doubt Mr. Davis Violated Chapter 12 of the Tex. Civ. Prac. & Rem. Code, and isWhat Validates this lawsuit to expunge the invalid lien and pay the penalty stated in the Statute of law. (Exhibit K)

### PARTIES TO THE SUIT

Mr. Lowell Merritt
2470 E. Stone Rd
Wylie, TX. 75098
Ph: 972-429-0343

Mr. Robert J. Davis
8131 LBJ Frwy. Suite 700
Dallas, TX. 75251
Ph: 972-234-3400  Fax:972-234-1750

### I.
(Exhibit I)
This Lawsuit pertains to the Filing of an __Invalid Lien__ against Mr. Lowell Merritt

Created by a __Malicious Act of Retaliation__ by __Mr. Davis__ due to the fact Mr. Merritt

**KAREN MATKIN**
DISTRICT CLERK
McLENNAN COUNTY, TEXAS

~10912

DATE 4-7-09
CAUSE NO(S) 2009-1182-          TRUST NO. _____

RECEIVED OF *Lowell Merritt*
*Twenty Three & No/xx*          $ *23⁰⁰/xx*
                                                                    DOLLARS

Exhibit ( AA ) Page 1 of 3
Receipt Dated 04/07/09 AND Bench Trial with
FIAT Signed For Hearing June 10th 2009

)ND FORF JUDG ☐

LOWELL MERRITT
Plaintiff

v.

ROBERT DAVIS
Defendant

§
§
§
§
§
§
§

DISTRICT COURT

74th Court

McLENNAN COUNTY, TEXAS

## MOTION FOR BENCH TRIAL
### Attach This To The Original Lawsuit

### TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES the Plaintiff, Lowell Merritt who will prove beyond a reasonable doubt Mr. Davis Violated Chapter 12 of the Tex. Civ. Prac. & Rem. Code, and is What Validates this lawsuit to force Defendant to Expunge the invalid lien and Pay the penalty stated in this States Civil Law described in Chapter 12 Sec. 12.002.

### PARTIES TO THE SUIT

Mr. Lowell Merritt
2470 E. Stone Rd
Wylie, TX. 75098
Ph: 972-429-0343

Mr. Robert J. Davis
8131 LBJ Frwy. Suite 700
Dallas, TX. 75251
Ph: 972-234-3400  Fax:972-234-1750

### I.
### Proof Mr. Davis Filed an Invalid Lien

In Nov. of 2007 Mr. Merritt filed 3 Separate legal valid lawsuits to hold parties accountable per Art 1 Sec 13 of the Constitution, Remedy by Due Course of Law for filing a False Report, Perjury, Aggravated Perjury, Etc. against James Andrews, James Slayton and Sgt. Vance. All were combined together by J.P. Court and the first Hearing was set for 01/30/08.

(1) On 01/07/08 Mr. Merritt Filed a Legal Valid Recusal Motion against J.P. Court Judge Douglas of Precinct 2 in Collin County Texas which was 23 Days Prior to the First HEARING set for 01/30/08.

(2) On 01/30/08 Judge Douglas walks into the Courtroom and says, "No Person is

Exhibit ( AA ) Page 2 of 3
Receipt Dated 04/07/09 AND Bench Trial with
FIAT Signed For Hearing June 10th 2009

1

**WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully prays that the Court grant everything listed in the attached ORDER.**

Respectfully submitted,

_Lowell Merritt_
**Lowell Merritt**

**2470 E. Stone Rd.    Wylie, TX. 75098**

**Ph: 972-429-0343**

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of this Lawsuit was Faxed to Mr. Davis on this the _21st_ day of _April_____, 200_9_.

_Lowell Merritt_
**Lowell Merritt**

### ORDER

The Order is Attached to the Last Page of this Document

### FIAT

A Trial on the above is set for the _10_ day of _June_____, 200_9_

_____
**JUDGE**

TRANSMISSION VERIFICATION REPORT

Exhibit ( AA ) Page 3 of 3
Receipt Dated 04/07/09 AND Bench Trial with
FIAT Signed For Hearing June 10th 2009

TIME : 04/21/2009 20:52
NAME : MERRITT
FAX  : 9724290343
TEL  : 9724290343

| DATE,TIME | 04/21 20:45 |
| FAX NO./NAME | 9722341750 |
| DURATION | 00:06:59 |
| PAGE(S) | 14 |
| RESULT | OK |
| | STANDARD |
| MODE | ECM |

4

There are a variety of reasons why this case should be transferred to Collin County. First, while admittedly Tex. Civ. Prac. & Rem. Code Section 12.004 provides that an action "may be brought in any district court in the county in which the recorded documented is recorded or in which the real property is located" this lawsuit is essentially a collateral attack on a final judgment issued out of Collin County and an attempt to restrain the execution of such judgment, and thus the mandatory venue provisions of Tex. Civ. Prac. & Rem. Code Section 15.013 prevail. Such mandatory provision states that "Actions to restrain execution of a judgment based on the invalidity of the judgment or writ shall be brought in the county in which the judgment was rendered."

Equally compelling is the general venue rule of Section 15.002(a)(1) provides that except as otherwise provided by Chapter 15, all lawsuits shall be brought "in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred." The only relationship that McLennan County has with this matter is that the Plaintiff owns real property in Waco which is subject to execution. All of the protracted litigation history and other various lawsuits with Plaintiff have been filed in Collin County as underscored by the exhibits attached hereto.

Finally, this Court should transfer the case to Collin County pursuant to Section 15.002(b) for the convenience of the parties and witnesses and in the interest of justice because the maintenance of this suit in McLennan County would work an injustice to the Defendant considering his economic and personal hardship associated with traveling to Waco to defend against what is clearly a frivolous lawsuit.[5] Moreover, the balance of interests of all the parties predominates in favor of the action being brought in Collin County and the transfer of the action to Collin County would certainly not work an injustice to any party.[6] Indisputably, all the parties live or work in

---

[5] Davis Affidavit, Ex. 1, paragraph 7, p. 5

[6] Davis Affidavit, Ex. 1, paragraph 7, p. 5

DEFENDANT'S MOTION TO TRANSFER VENUE, OR ALTERNATIVELY, ABATE CASE
S:\233\1\1600\62585\Pleadings\Defendant\74th Waco\TransfcrAbate.wpd

Exhibit ( A )
Page 4 of Mr. Davis Brief to Transfer Venue

CERTIFIED DOCUMENT
PAGE 4 OF 43
DISTRICT CLERK OF
McLENNAN COUNTY, TEXAS

CAUSE NO. 1-798/2008

**LOWELL MERRITT** §

VS. §

James Austerus, James Slauton, Sgt. Nikolaus §
CV-08-47, CV-08-48 AND CV-08-49 §
Due To Judge Douglas, Prect 3 Collin County

**COUNTY COURT AT LAW**
University Drive Courts Facility
1800 N. Graves Street
McKinney, Texas 75069

## MOTION TO DISMISS PRIOR SANCTIONS AND CONSIDER FILING OF INABILITY TO PAY SHOWING STRICT PROOF PER RULE 572

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES the Plaintiff, Lowell Merritt, and moves to Compel a Judge to hear Motion to Dismiss Sanctions and Motion of Inability to Pay using Rule 572. Sanctions were Illegally Applied Void of the Hearing Requirement....Sanctions were applied on Jan 30th 2008 in a Hearing where No Person was Allowed to Speak or Object.

**I.**

On Jan 7th 2008 a Motion was Filed for Disqualification of Judge Douglas using Rule 18a listing Legal Valid Documented Reasons WHY He should Recuse himself from any and ALL HEARINGS from Jan 7th 2008 Forward.

**II.**

Reasons Why Rule 18a Was Used Opposed to Any Other Rule of Law Rule 523 States District Rules Apply and the only other Rule under Section V was Rule 528 Change of Venue.

(1) Rule 528 CHANGE OF VENUE **only** Applies to TRIALS due to Negative Local Exposure where a Person May Not Be Able to OBTAIN a Fair TRIAL from a JUDGE or JURY...or....Filing was done in the WRONG County.

(2) Rule 18a Disqualifies the JUDGE for Prior Improper Acts Described in the Motion from Presiding in Hearings and or Trials...(has nothing to do with reasons for Change of Venue...(due to Negative Local Exposure, Etc.)

**III.**

Rule 1 of the Texas Rules of Civil Procedure state these Rules SHALL be given a LIBERAL CONSTRUCTION...(means abide by them the Best Way Possible) to Obtain a Just, Fair, Equitable and Impartial Procedural Process.

Rule 2 states What Courts Rules Shall Govern In...(Justice Courts are not Excluded)

**IV.**

All Parts of Rule 18 Apply to Justice Courts even 18a as there is No Other Law to STOP a Justice Court JUDGE from Presiding over a HEARING.... when proof is listed in the Motion using Rule 18a Showing the this Judge has violated his Oath of Office, acted in Biased manner and Violated his Judicial Cannons was Filed with the Court, this is the LEGAL Process and Notice given to the Judge why he needs to Recuse himself.

Exhibit ( B )

Strict Proof Required by Rule 572 was made with Brief and File Stamped March 27th 2008 and FIAT Signed by Judge is when she aquired Jurisdiction and "The APPEAL was PERFECTED"

FILED
COUNTY COURT AT LAW
08 MAR 27 AM 10: 0?
ODY
SCANNED



## V.

I have Filed Legal Valid Lawsuits using Chapter 41 of the Texas Civil Practices & Remedies Code...re: 41.001(5) Exemplary Damages as PENALTY for Acts done out of Malice to cause me Mental Anguish and Financial Harm.

## VI.

Lawsuits I Filed are Numbered as follows: CV-08-47, CV48-48 and CV-08-49.

## VII.

I was Broadsided with Sanctions Illegally Imposed listing EVERYTHING you could list Void of Particulars, being Specific, or the Hearing Requirement, required by these Laws. JUST Reading the HEADING of these Laws and List Every Violation stated shows Ignorance of the Law, a Problem Judge Douglas had, not being able to Comprehend the Law and reason I Filed Rule 18a on Jan 7th 2008 so he could Recuse himself from any and ALL Hearings from Jan 7th Forward...Including the Jan. 30th 2008 Hearing where No Person was allowed to Speak or Object as he Passed out Sanctions Listing Rule 13 of the Texas Rules of Civil Procedure and saying I also Violated Chapters 9 and 10 of the Texas Civil Practice & Remedies Code, Then next Hearing on 3/19/08 to see if These Same Sanctions could be Modified, **Did Not Somehow Magically make them become Legal.**

## VIII.

If a Judge does not recuse him/herself when he/she should have known to do so, he/she may be subject to sanctions, which vary by jurisdiction. Just saying such does not Apply is Not Valid and Nothing done afterwards is Legal, Valid or Has the Force of Law.

## IX.

I, the Undersigned, hereby certify a True Copy of the Foregoing Motion was Forwarded to Attorneys representing said Clients on _____ day of _____, 2008.

Respectfully Submitted

*Lowell W Merritt*

Lowell Merritt / plaintiff
2470 East Stone Road
Wylie, Texas 75098                    Ph: 972-429-0343

## X.
## FIAT

**PLAINTIFF'S MOTIONS STATED HEREIN** will be heard on the ____1st____ Day

of __May__ _____,2008. ① 10:W AM

*Corinne G. Mason*
Judge

( Exhibit ( B ) Page 2 of 2 )

( Strict Proof Required by Rule 572 was made with Brief and File Stamped March 27th 2008 and FIAT Signed by Judge is when she aquired Jurisdiction and "The APPEAL was PERFECTED" )

CAUSE NO. 001-798-08

LOWELL MERRITT §    COUNTY COURT AT LAW #1

VS. §    University Drive Courts Facility
                1800 N. Graves Street

JAMES ANDREWS §    McKinney, Texas 75069

## MOTION TO APPEAL RULINGS

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES the Plaintiff, Lowell Merritt, and moves to <u>Compel</u> a Judge to Consider Evidence of <u>Incorrectly Applied Sanctions</u> and <u>Summary Judgment</u>. Both Illegally Applied on **Jan 30th 2008** in a Hearing where <u>No Person was Allowed to Speak or Object by</u> Judge Douglas in what was supposed to be a Pre-Trial Hearing to consider <u>No Evidence</u> filed by Grady Thompson, Andrews council, as the clerk put Stickers "CV-47 Motion" on #CV-08-47, #CV-08-48 and #CV-08-49 ...Unknown to Plaintiff to why this was being done in a Class Action Manner, to Require <u>ALL attorneys and Clients to be present</u> at a <u>Hearing involving CV-08-47 "No Evidence Motion"</u> on Jan 30th 2008.

I.

Yet on **Jan 7th 2008** a Motion had already been Filed to **Disqualify Judge Terry Douglas** due to prior Bias and Wrong Acts Proving Why he should Recuse himself from <u>any and ALL HEARINGS</u> from **Jan 7th 2008 Forward**....(was ignored and denied)

II.

On April 9th 2008 there was a Hearing where EVERY Attorney afore mentioned was in attendance to Decide Inability to Pay using Rule 572 Affidavit filed 02/14/08..

All made Allegations yet None had Evidence to show I had other than what was already submitted. Yet the allegations were enough for the Judge to Deny my Appeal on (1) CV-08-47, James Andrews of 122 Touchstone Road Wylie TX 75098 and Attorney Grady Thompson at P.O. Box 844 McKinney, TX. 75070-0844

(2) CV-08-48, James Slayton of 121 Touchstone Road Wylie, TX 75098 and Attorney Heidi Jenkins at 2610 West FM 544, Suite 107 Wylie, TX. 75098

(3) CV-08-49, Sgt Mike Vance, Collin County Deputy of 4300 Community Ave. McKinney TX. 75071 and Attorney Robert Davis at 8131 LBJ Freeway. Suite 700 Dallas, TX. 75251

III.

I have included the same information to the County Court to make a determination on what I stated is true and correct and allegations that are baseless and groundless made by these attorneys were done to take advantage of the JP Judge and his assumption the attorneys are always correct and allegations void of proof that had merit.

IV.

I Filed Inability on Feb 14th 2008, FAXED all Attorneys on same day and only one attorney, Mr Davis filed an Objection within the time limitation in Rule 572.

**EXHIBIT ( C ) is 1st Page of "Motion to Appeal Rulings"**
Yet total of 3... via Merritt v. Andrews / Merritt v. Slayton / Merritt v. Vance

**TRANSMISSION VERIFICATION REPORT**

TIME : 03/27/2008 20:34
NAME : MERRITT
FAX : 9724290343
TEL : 9724290343

ROBERT DAVIS RULE 572 (STRICT PROOF)

| | |
|---|---|
| DATE,TIME | 03/27 20:28 ✓ |
| FAX NO./NAME | 9722341750 |
| DURATION | 00:05:43 |
| PAGE(S) | 11 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

**TRANSMISSION VERIFICATION REPORT**

TIME : 03/27/2008 20:41
NAME : MERRITT
FAX : 9724290343
TEL : 9724290343

HEIDI ELKINS RULE 572 (STRICT PROOF)

| | |
|---|---|
| DATE,TIME | 03/27 20:35 ✓ |
| FAX NO./NAME | 9724290259 |
| DURATION | 00:05:47 |
| PAGE(S) | 11 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

**TRANSMISSION VERIFICATION REPORT**

TIME : 03/27/2008 20:49
NAME : MERRITT
FAX : 9724290343
TEL : 9724290343

GRADY THOMPSON RULE 572 (STRICT PROOF)

| | |
|---|---|
| DATE,TIME | 03/27 20:43 |
| FAX NO./NAME | 9725529881 ✓ |
| DURATION | 00:05:44 |
| PAGE(S) | 11 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

**TRANSMISSION VERIFICATION REPORT**

TIME : 03/27/2008 21:02
NAME : MERRITT
FAX : 9724290343
TEL : 9724290343

JUDGE DOUGLAS RULE 572 (STRICT PROOF

| | |
|---|---|
| DATE,TIME | 03/27 20:56 |
| FAX NO./NAME | 19727828559 |
| DURATION | 00:05:41 |
| PAGE(S) | 11 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

**Exhibit (D) Fax Showing 11 Pages was PROOF**

**APPEAL Filed with County Court**



**COLLIN COUNTY**
collincountytx.gov

(http://www.collincountytx.gov)

Back to Case Search Results (/JudicialRecords/Case/Search?searchType=Party&
caseTypes=CR%2CCV%2CFAM%2CPR&nodes=7&page=1&searchCriteria=%7CMerritt%7CLowell)

# Case Details

## Case History

**Case Number**
001-00798-2008

**Date Filed**
03/28/2008

**Case Type**
Civil Old - Other Civil Cases - County

**Status**
Dismissed

**Style**
Lowell Merritt VS. James Andrews, James Slayton, Sgt. Mike Vance, Judge Terry Douglas

**Judicial Officer**
Mason, Corinne A. in County Court at Law 1

## Parties

| Type | Name | DOB | Attorney | Address |
|------|------|-----|----------|---------|
| Defendant | Andrews, James | | | |
| Defendant | Douglas, Terry | | | |
| Plaintiff | Merritt, Lowell | | Pro Se | |
| Defendant | Slayton, James | | | |
| Defendant | Vance, Mike | | | |

## Case Events

| Date | Event |
|------|-------|
| 03/28/2008 | Plaintiff's Original Petition (OCA) $283.00 |
| 03/28/2008 | Request for Copies $ |
| 03/28/2008 | Affidavit |

Details

Less

Exhibit ( E ) Page 1 of 2
Defendants Filed Nothing in County Court
Exhibit ( B ) shows File Stamped 03/27/2008

| | | |
|---|---|---|
| Comments: | Inability to Pay | |

| | | |
|---|---|---|
| 03/28/2008 | Letter | Less |
| Comments: | Requesting Removal of SSN# | |

| | | |
|---|---|---|
| 03/31/2008 | Motion | Less |
| Comments: | Motion to Consider Evidence | |

| | | |
|---|---|---|
| 04/11/2008 | Motion | Less |
| Comments: | (James Slayton) Motion to Appeal Rulings with Order Denying Plaintiff's Affidavit of Inability to Pay Cost in Support of Appeal Bond Submitted | |

| | | |
|---|---|---|
| 04/11/2008 | Motion | Less |
| Comments: | (Sgt. Mike Vance) Motion to Appeal Rulings with Order Denying Plaintiff's Affidavit of Inability to Pay Cost In Support of Appeal Bond \Submitted | |

| | | |
|---|---|---|
| 04/11/2008 | Motion | Less |
| Comments: | (James Andrews) Motion to Appeal Rulings with Order Denying Plaintiff's Affidavit of Inability to Pay Cost in Support of Appeal Bond Submitted | |

| | | |
|---|---|---|
| 05/01/2008 | Motion Hearing | Less |
| Time: | 10:00 AM | |
| Comments: | Motion To Dismiss Prior Sanctions and consider Filing of Inability To Pay Showing Strict Proof Per Rule and Motion to Consider Evidence | |

| | | |
|---|---|---|
| 05/01/2008 | Clerk Notes (Private) | Less |
| Comments: | No copy to conform for fiat or SASE | |

Page 1 of 4

| First | 1 | 2 | 3 | 4 | Last |
|---|---|---|---|---|---|

## Dispositions

| Charge # | Date | Disposition | |
|---|---|---|---|
| | 05/01/2008 | | Less |
| Comments: | Cause Dismissed for Want of Prosecution | | |

## Financial Summary

| Party Type | | Balance |
|---|---|---|

Exhibit ( E ) Page 2 of 2
Defendants Filed Nothing In County Court
DWOP was the FINAL ORDER

this a little odd, my withdrawal and refiling is because you wanted to stick that in the vexatious litigant order as four?

A. I didn't have you declared a vexatious litigant. Judge Wooten did that herself. I didn't even ask for that to happen. She on her own, after looking at all this, what's called sua sponte, listed you as that. I didn't request that you be --

Q. Do we have that court register of actions?

A. Which one?

Q. 2632.

A. Right here. It's an exhibit. They're right up there on the table.

Q. Oh, I was going to ask you this: This is on 798. This was the -- what you you're calling a lawsuit and what I called an appeal, 798. Now, this is State's Exhibit 5. Why did you file a motion to appeal the ruling?

A. Why did I -- I did not. What date are you looking at, Mr. Merritt?

Q. Why does it say, "motion to appeal ruling"?

A. You need to tell me what date you're looking at.

Q. 5-1.

A. That's something you filed, motion to dismiss prior sanctions and consider filing of inability to pay showing strict proof thereof per rule and motion to

**Exhibit (F) Mr. Davis ADMITS he did not file Motion To Declare Vexatious Litigant It was sua sponte PROHIBITED BY LAW...See Line 4... Page 1 of 1**

opportunity to elicit facts.

MR. MERRITT: Yes, sir.

Q. (By Mr. Merritt) What I understand on your Page 4 of your brief that you use for the venue hearing, you stated Section 15.013 prevails. When you looked that up, it's an injunction. You implied that the mandatory venue lied in Collin County because I filed an injunction.

THE COURT: Mr. Merritt, what is your question for Mr. Davis?

Q. (By Mr. Merritt) Where is the injunction? Where is the court order?

A. I didn't transfer this case based on an injunction. I transferred it based on mandatory venue in Collin County because that's where the defendant resides --

Q. Excuse me. On mandatory venue, what mandatory venue? What number?

A. Where the cause of action occurred and where the defendant resides.

Q. "Where the cause of action", now what number is that?

A. I can't tell you off the top of my head, which Section of the Civil Practice and Remedies Code for Mandatory Venue. It was probably cited in my motion and apparently the judge in McLennan County agreed because it

Exhibit (G)……….. look at Exhibit (A)
Changing Story how he Transferred Venue to Collin County